## In re ROSENSTEIN.
### No. 14850.

District Court, E. D. Pennsylvania.
Oct. 22, 1932.

H. H. Cohen, of Philadelphia, Pa., for bankrupt.

Israel Ziegler, of Philadelphia, Pa., for trustee.

KIRKPATRICK, District Judge.

The order of the referee is affirmed. The concise opinion of the referee is adopted as the opinion of this court. It is as follows:

"The request made by the attorney for the bankrupt is for allowance of the filing fee in this voluntary bankruptcy. This outlay by him was made prior to the filing of the petition by or simultaneously with its filing with the clerk of the court. If this money had been paid to the clerk by the bankrupt himself, it would presumably have been taken out of his estate and he would not be entitled to reimbursement. If the bankrupt had no money, he may borrow it or file his petition in forma pauperis.

"If the bankrupt borrows the money, he has created a debt for which the creditor may file a proof of debt under section 63a (1) or (4) of the Bankruptcy Act, 11 USCA § 103 (a) (1, 4); but such creditor is not entitled to priority as an expense of administration under section 64b (3) of the act, 11 USCA § 104 (b) (3), or under General Order 10 or 35 (4), 11 USCA § 53. The attorney for the bankrupt stands in the same relation to him in this matter, as any other person who had advanced the money for this purpose. It makes no difference that the attorney has paid the money directly to the clerk instead of advancing the money to the bankrupt and then taking it back to pay the clerk. The effect is the same; the payment was made to the clerk for the bankrupt, presumably at bankrupt's request.

"I find nothing in the Bankruptcy Act or in the General Orders that would justify repayment of this sum to the attorney for the bankrupt as an expense of administration. And it is as such that it is asked for. Nor can this outlay be properly interpreted to be a necessary cost of preserving the estate subsequent to the filing of the petition under section 64b (1) of the act, 11 USCA § 104 (b) (1), for the outlay is made before the filing of the petition.

"Where the bankrupt is allowed to file petition in forma pauperis, the filing fees may be ordered to be paid out of the estate (if there be any) to the clerk, the referee, and the trustee under General Order 35 (11 USCA § 53). This rule has no bearing on the present question, for it is the attorney for the bankrupt who is asking for reimbursement, and the petition has not been filed in forma pauperis."