DAVIS, FEDERAL AGENT FOR CLAIMS DUE IN OPERATION OF ATLANTIC COAST LINE RAILROAD, *v.* PRINGLE, TRUSTEE IN BANKRUPTCY OF ESTATE OF BOYD CO., INC.

DAVIS, FEDERAL AGENT FOR CLAIMS DUE IN OPERATION OF SEABOARD AIR LINE RAILWAY COMPANY, *v.* PRINGLE, TRUSTEE IN BANKRUPTCY OF ESTATE OF BOYD CO., INC.

BORLAND, TRUSTEE IN BANKRUPTCY, *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURTS OF APPEALS FOR THE SECOND AND FOURTH CIRCUITS.

Nos. 786 and 787 argued, No. 1085 submitted, May 4, 1925.—Decided May 25, 1925.

1. Under the Bankruptcy Act, as amended February 5, 1903, and June 15, 1906, debts owed the United States are not entitled to priority. So *held* of claims for freight, storage and demurrage, growing out of federal control of railroads, and claims on bills of exchange and checks. P. 317.
2. Section 64 (b) of the Bankruptcy Act, giving priority to debts " owing to any person who by the laws of the States or the United States is entitled to priority ", *construed* with other provisions of this and prior bankruptcy acts, and *held* not to include the United States as a " person " and thus make applicable the priority provision of Rev. Stats. § 3466. *Id.*

Nos. 786, 787; 1 Fed. (2d) 860, 864, affirmed.
No. 1085, reversed.

CERTIORARI to three judgments of the Circuit Court of Appeals, the first two denying and the third allowing claims of the United States to priority of payment in bankruptcy proceedings. See also *In re Tidewater Coal Exchange,* 280 Fed. 648.

*Mr. Jerome Michael,* with whom the *Solicitor General* and *Messrs. A. A. McLaughlin, Alex Koplin, Henry Gale* and *Arthur M. Loeb* were on the brief, for petitioner in Nos. 786 and 787.

*Messrs. N. B. Barnwell* and *Godfrey Goldmark* for respondent, in Nos. 786 and 787.

*Mr. Godfrey Goldmark,* for petitioner in No. 1085, submitted.

*The Solicitor General, Mr. Assistant Attorney General Letts* and *Mr. Harvey B. Cox,* Special Assistant to the Attorney General, for the United States, submitted in No. 1085.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The first and second of these cases are claims for freight, storage and demurrage proved in bankruptcy proceedings by the federal agent, for which the agent asserts priority on the ground that such claims arising during federal control of the railroads in 1918 are debts due to the United States and are preferred by Rev. Stats. § 3466 and by the Bankruptcy Act of July 1, 1898, c. 541, § 64, amended by Acts of February 5, 1903, c. 487, § 14, 32 Stat. 800, and June 15, 1906, c. 3333, 34 Stat. 267. The third is a claim by the United States for amounts paid by the Postmaster General to the bankrupts for bills of exchange and checks drawn by the bankrupts and unpaid, together with protest fees, &c., as to which priority is asserted on the same grounds. The priority was denied in the first two cases by the Circuit Court of Appeals for the Fourth Circuit. 1 Fed. (2d) 860; *ibid.* 864. But it was allowed in the Second Circuit without any reported opinion, following an earlier case in that Circuit, *In re Tidewater Coal Exchange,* 280 Fed. 648.

All the three cases depend upon the question whether the Government has a right to the priority it claims. If that is denied the additional inquiries that would be necessary before the federal agent could prevail in the railroad cases need not be gone into. Therefore we take up that first. It may be assumed that the priority must be found if at all in the Bankruptcy Act and in its supposed incorporation of Rev. Stats. § 3466. That Act, as was said in *Guarantee Title & Trust Co.* v. *Title Guaranty & Surety Co.*, 224 U. S. 152, 160, "takes into consideration . . . the whole range of indebtedness of the bankrupt, national, state and individual, and assigns the order of payment." It was passed with the United States in the mind of Congress as is shown by the exception of debts due as taxes levied by the United States from the discharge in § 17-a(1), the limitation on debts owing to the United States as a penalty in § 57-j, and the provisions as to priority in § 64 with which we are principally concerned. By 'a' of that section "The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States . . . in advance of the payment of dividends to creditors." This taken by itself would seem to exclude other debts. But the section goes on in 'b' to give priority in the order named to "(5) debts owing to any person who by the laws of the States or the United States is entitled to priority," and the Government argues that by § 1(19) 'persons' shall include corporations and that the United States is a corporation and therefore within these words. Being within them, it is said, it is entitled to priority by a law of the United States, the well known Rev. Stat. § 3466. It is said that no other person except the United States itself can be discovered who is given the right by its laws.

We attach little value to this logical concatenation as against the direct effect of § 64, taken according to the

normal usages of speech. It is incredible that after the conspicuous mention of the United States in the first place at the beginning of the section and the grant of a limited priority, Congress should have intended to smuggle in a general preference by muffled words at the end. The States are mentioned in (5) before the United States, showing that their laws were primarily in mind. The United States seems added to avoid some possibly overlooked case. The ordinary dignities of speech would have led to the mention of the United States at the beginning of the clause, if within its purview. Elsewhere in cases of possible doubt when the Act means the United States it says the United States. We are of opinion that to extend the definition of ' person ' here to the United States would be ' inconsistent with the context ' and therefore is within the exception at the beginning of § 1. We are confirmed in our opinion by the fact that in earlier bankruptcy acts a priority was given to the United States in express terms, and that, for instance in the Act of March 2, 1867, c. 176, § 28; 14 Stat. 517, 530, ' Fifth ', persons entitled to priority by the laws of the United States are mentioned when the United States could not have been meant, having been fully secured by the same section, ' Second.' If it be legitimate to look at them (*Schall* v. *Camors,* 251 U. S. 239, 250) the bills that were before Congress when the present law was passed contained the clause relied upon but showed by their context that they could not refer to the United States. There was a change of purpose from that of the earlier acts. *Guarantee Title & Trust Co.* v. *Title Guaranty & Surety Co.,* 224 U. S. 152, 158, *et seq.* Public opinion as to the peculiar rights and preferences due to the sovereign has changed. We agree with the view of this point taken by the Chief Justice and Justices Van Devanter and Clarke in *United States Shipping Board Emergency Fleet Corporation* v. *Wood,* 258 U. S. 549,

574, at a time when it was not necessary for the majority to speak upon it. The priority claimed by the United States is not given to it by the law.

*Decrees in 786 and 787 affirmed.*
*Decree in 1085 reversed.*

MR. JUSTICE SUTHERLAND was absent and took no part in this decision.