### In re JOHN G. GASTEIGER & CO., Inc.

District Court, E. D. New York. October 18, 1927.

No. 11136.

Bankruptcy ☞345(1)—Status of creditors, as between themselves, is determined when petition is filed, and is not changed by subsequent amendment of statute (Bankruptcy Act [11 USCA § 104b (5)]; Act May 27, 1926 [11 USCA § 104b (7)]).

Right of creditor to preference *held* determined by Bankruptcy Act, § 64b (5), being 11 USCA § 104b (5), effective when petition was filed, and section 64b (7), as amended by Act May 27, 1926, § 15 (11 USCA § 104b [7]), giving priority to "debts owing to any person who by the laws of the states or the United States is entitled to priority: Provided that the term 'person' as used in this section shall include corporations, the United States and the several states and territories of the United States," did not confer on a creditor any right to priority which he did not have under the law as it existed at the time the petition was filed.

In Bankruptcy. In the Matter of John G. Gasteiger & Co., Inc., bankrupt. On review of order of referee denying priority to claim of the Fidelity & Deposit Company of Maryland, and allowing it as a general claim. Affirmed.

Frederick Behr, of New York City, for petitioner.

Louis J. Castellano, of Brooklyn, N. Y., in pro. per.

CAMPBELL, District Judge. This matter comes before the court on a petition to review an order of the referee which disallowed a claim as a priority claim and allowed the same as a general claim only.

The petition in bankruptcy was filed March 6, 1923. The bankrupt was engaged in the hay and feed business, and had a contract with the government to deliver a quantity of oats, bran, and hay. The Fidelity & Deposit Company of Maryland acted as surety on this contract, and guaranteed the performance thereof by the bankrupt, and claims that it was subrogated to the rights of the United States in the event of any default by the bankrupt.

The bankrupt defaulted on this contract with the government, and by reason of this default the surety company, claimant herein, was obliged to pay $1,517.18 to the United States. The claimant filed a proof of debt on March 1, 1924, for the liquidated sum of $1,517.18. Claim is made by the creditor for priority payment in this claim.

On March 28, 1927, the referee, after reargument, made his order which disallowed the said claim as a priority claim, and only allowed it as a general claim against the estate, and that is the order which the Fidelity & Deposit Company of Maryland, the creditor, seeks to review.

The Bankruptcy Act, as in force at the time the petition in bankruptcy was filed herein, in so far as it is necessary for consideration in this proceeding, is subdivision b (5) of section 64 (11 USCA § 104), which reads as follows: "Debts owing to any person who by the laws of the states or the United States is entitled to priority." The United States has been held not to be a "person" within the meaning of that section. Davis v. Pringle, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974.

Assuming the view most favorable to the creditor, that this was a debt owing to the United States, and that the surety by payment was subrogated to all rights of the United States, the creditor is not entitled to priority under the Bankruptcy Act at the time the petition was filed.

The creditor contends that the condition has been changed by the enactment of the amendment, chapter 406, of May 27, 1926, which became effective August 27, 1926, which provided in section 64b (7), being 11 USCA § 104, as follows:

"Debts owing to any person who by the laws of the states or the United States is entitled to priority: Provided that the term 'person' as used in this section shall include corporations, the United States and the several states and territories of the United States."

The amendatory act, in section 18 thereof (11 USCA note), provided:

"The provisions of this amendatory act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect; but as to proceedings in cases pending when this act takes effect, to which the provisions of this amendatory act are not applicable, such proceedings shall be disposed of conformably to the provisions of said act approved July 1, 1898, and the acts amendatory thereof and supplementary thereto."

This act did not confer upon the creditor any right to a priority which it did not have under the law as it existed at the time the petition in bankruptcy was filed. In re Photo Electrotype Engraving Co. (D. C.) 155 F. 684, in which Judge Chatfield, in this district, in speaking of an amendment to section 64, subdivision b (5), which after the date of the filing of the petition in bankruptcy gave priority to the wages of a salesman, which did not exist at the time of the filing of the petition, said:

"At the time of the filing of the petition, which was the commencement of this proceeding, the law fixed the status of every creditor, in so far as his rights to be considered preferred or general were concerned. As between the various creditors, their claims were thus determined, and while the share of any creditor might be enlarged by the disallowance of claims, it is considered that his claim would not be changed. All subsequent matters are to be determined in the light of the situation as it existed at the time the petition was filed, or at adjudication, if that does not immediately follow. The amendment of 1906, if allowed to alter the rights of creditors in this proceeding, would take away property which the creditors were entitled to by the provisions of law existing at the time when this estate came under the administration of the bankruptcy court. Such an effect would be retroactive, even if these rights had not become vested, in the sense of having been liquidated or adjudicated."

The petition to review is denied, and the order of the referee of March 28, 1927, is affirmed.