## STATE OF MISSOURI v. ROSS et al. (two cases).

### Nos. 10239, 10281.

Circuit Court of Appeals, Eighth Circuit.

Dec. 3, 1935.

Rehearing Denied Dec. 31, 1935.

**330**

Harry G. Waltner, Jr., Asst. Atty. Gen. (Roy McKittrick, Atty. Gen., on the brief), for appellant.

John G. Burkhardt, Associate City Counselor, of St. Louis, Mo. (Charles M. Hay, City Counselor, of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, WOODROUGH, and FARIS, Circuit Judges.

GARDNER, Circuit Judge.

This matter comes to us on appeal from an order of the lower court denying appellant's motion to direct the trustee in bankruptcy of the Laessig's Oil Products, Inc., to pay the claim of the state of Missouri for gasoline taxes in full before making any payment to the city of St. Louis for gasoline taxes.

Laessig's Oil Products, Inc., was, prior to bankruptcy, engaged in the business of distributing and selling motor vehicle fuels and other petroleum products in St. Louis, Mo.,. and vicinity. Under the Missouri statute, motor vehicle fuel was subject to a sales tax calculated at the rate of 2 cents per gallon. During the months of August, September, October, November, and December, 1932, it failed to pay this tax, and during the same time it failed to pay a similar tax to the city of St. Louis, to which its products were subject under provisions of the city ordinance. On February 1, 1933, the company was adjudged a bankrupt. On February 28, 1933, three separate proofs were filed on behalf of the city of St. Louis, claiming gasoline taxes in the aggregate amount of $8,972.30 and interest; and on March 20, 1933, the state of Missouri filed its claim for gasoline taxes in the aggregate amount of $8,-366.38, with interest.

The state asserted a right of priority to the payment of its tax in full before making any payment to the city of St. Louis. The question of the right of priority becomes important because the value of the assets of the estate is materially less than the aggregate amount of these two claims. There is no dispute as to the amount due on these claims. The referee held that the claim of the state and of the city were all upon an equality, and since they could not be paid in full, the available funds should be prorated between the two claims according to their respective amounts. On petition for review of this order, the court denied the same and approved and confirmed the order of the referee.

Section 64 of the Bankruptcy Act, as amended (11 U.S.C.A. § 104) in so far as. here pertinent, provides as follows:

"Debts which have priority. (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof. * * *

"(b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate; * * * (2) the filing fees paid by creditors in involuntary cases; * * * (3) the cost of administration; * * * (4) where the confirmation of composition terms has been refused or set aside upon the objection and through the efforts and at the expense of one or more creditors, in the discretion of the court, the reasonable expenses of such creditors; * * * (5) wages due to workmen; * * * (6) taxes payable under paragraph (a) hereof and (7) debts owing to any person who by the laws of the States or the United States is entitled to priority."

Appellant admits that the Federal Bankruptcy Act (11 U.S.C.A.) supersedes all state priority provisions which are in conflict with it, but contends that it is the policy of the Bankruptcy Act to recognize and adopt so far as possible relevant state laws, so long as the uniformity of the

Bankruptcy Act would not be disturbed. Appellant invokes the provisions of section 3152, Revised Statutes of Missouri 1929 (Mo.St.Ann. § 3152, p. 4969), as being relevant and not in conflict with the provisions of the Bankruptcy Act. The section referred to provides as follows: "Whenever any person indebted to the state of Missouri is insolvent, * * * debts due to the state of Missouri shall be first satisfied, and the priority hereby established shall extend as well to cases in which a debtor not having sufficient property to pay all his debts makes a voluntary assignment thereof, * * * as to cases in which an act of bankruptcy is committed: Provided, that nothing in this article contained shall be construed to interfere with the priority of the United States as secured by law."

Because of the provisions of this act, appellant contends its claim should have been allowed as a preference over the city's claim. The asserted right of priority is not predicated upon any lien that attached to the property. As said by us in City of Lincoln v. Ricketts, 77 F.(2d) 425, 431: "The asserted right of priority of payment is not a lien that attached to the property any more than the right of the United States to priority given it by Revised Statutes, § 3466 (31 U.S.C.A. § 191), considered by the Supreme Court in Davis v. Pringle, supra, is such a lien, and the right of priority in payment of claims against a bankrupt estate, other than those based upon specific liens, must be found in the Bankruptcy Act."

The Bankruptcy Act deals specifically with the question of priority of claims, and by section 64b (6), 11 U.S.C.A. § 104 (b) (6), provision is made for the payment of all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality. It seems clear that the specific provision for the payment of taxes does not contemplate any right of priority as between the various taxing districts.

In New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 139, 51 L.Ed. 284, the court, in reply to a contention that the Bankruptcy Act did not require the payment of taxes to a state wherein the bankrupt had no property and the state no means of collecting the tax upon the property within its jurisdiction, said: "The requirement of the present law is a wide departure from the act of 1867, and specifically obliges the trustee to pay all taxes legally due and owing, *without distinction between the United States and the state, county, district, or municipality.*" (Italics supplied.) See, also, City of Waco v. Bryan (C.C.A.5) 127 F. 79; In re A. J. Waterman Mfg. Co. (D.C.) 291 F. 589; In re Wyley Co. (D.C.) 292 F. 900; In re A. E. Fountain, Inc., (D.C.) 295 F. 873.

It is, however, contended that the taxes due here amounted to debts, and, hence, under section 64b (7), 11 U.S.C.A. § 104 (b) (7), the appellant was entitled to the benefit of the above-quoted statute of Missouri. While taxes may be in the nature of debts within the meaning of the Bankruptcy Act, it is clear that they are specifically covered by section 64b (6), 11 U.S.C.A. § 104 (b) (6). This seems so clear that rules of construction should not be resorted to, as it is only where a statute is uncertain and on its face is susceptible of more than one construction that a court should resort to rules of construction. It seems too clear for argument that taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality, specifically mentioned in paragraph (b) (6) are not included in the "debts" referred to in paragraph (b) (7). If it could be said that there existed any repugnancy between these two provisions, then the provision which specifically characterizes the claim as one for taxes should prevail over the general provision contained in paragraph (b) (7), referring to debts. The subject of taxes is fully and specifically covered by paragraph (b) (6), and its provisions should be looked to alone, and there is no necessity to resort to the more general provision contained in paragraph (b) (7).

The Circuit Court of Appeals of the Second Circuit, in In re Inland Dredging Corporation, 61 F.(2d) 765, 767, 88 A.L.R. 254, considered the contention that a provision of the New York State Workmen's Compensation Act (Consol. Laws, c. 67) giving priority to certain debts should be given effect by the bankruptcy court. In disposing of this contention, the court said: "We do not of course mean that a state statute may control the distribution of bankrupt estates. The priority arises under section 64b (7), which incorporates the state law pro tanto; and the hierarchy of claims—the order of their priority—is

fixed by that section. Hence we ignore the provision of section 130 that premiums shall be paid immediately after claims for wages. They take their place in the order prescribed by section 64b (7), regardless of where section 130 puts them."

In Guarantee Title & Trust Company v. Title Guaranty & Surety Company, 224 U.S. 152, 32 S.Ct. 457, 460, 56 L.Ed. 706, in speaking of the Bankruptcy Act, it is said that it "takes into consideration * * * the whole range of indebtedness of the bankrupt—national, state, and individual—and assigns the order of payment."

In Davis v. Pringle, 268 U.S. 315, 45 S.Ct. 549, 69 L.Ed. 974, the federal agent contended that certain proved claims in bankruptcy proceedings were entitled to priority "on the ground that such claims arising during federal control of the railroads in 1918 are debts due to the United States and are preferred by Rev.Stats. § 3466 [31 U.S.C.A. § 191], and by the Bankruptcy Act of July 1, 1898 [11 U.S.C.A.]." As the bankruptcy law then stood, debts due the United States were not entitled to priority in payment, but it was contended that it was entitled to priority in payment under the provisions of Revised Statutes, § 3466 (31 U.S.C.A. § 191), above referred to. In denying this contention, the court, among other things, said: "It may be assumed that the priority must be found if at all in the Bankruptcy Act and in its supposed incorporation of Rev.Stats. § 3466," and the court held that "The priority claimed by the United States is not given to it by the law."

In City of Lincoln v. Ricketts, supra, we said: "If, in the instant case, it be conceded that the city as a sovereign had the prerogative right of priority of payment of its claims, yet in so far as such claims are urged against a bankrupt estate, the priority will not be recognized unless within the provisions of the bankruptcy law which specifically provides for a priority."

█ We are of the view that resort cannot be had to the Missouri statute for the purpose of determining the question of the right of priority, and that the Bankruptcy Act places all taxes, whether due the United States, state, county, district, or municipality, in one and the same class, giving no priority to either over any other mentioned in the class.

The order appealed from is therefore affirmed.