## In re SPARKS.

### No. 6581.

District Court, W. D. Oklahoma.

March 26, 1938.

VAUGHT, District Judge.

In this case, Charles Earnest Sparks filed a voluntary petition in bankruptcy. The sum of $30 was advanced by E. E. Barbee, who was later elected trustee, to pay the filing fee. Barbee filed his claim with the referee in bankruptcy, asking the same be allowed as a preferred claim. The referee refused to allow said claim as a preferred claim but allowed the claim as a general claim. The claimant excepted to the ruling of the referee and the matter has been certified to this court for disposition.

It appears that there is a difference of opinion among the referees in this district on this question. Some of the referees, for many years, have allowed these claims as preferred claims, but, in any event, the question has never been presented to this court before and the court deems it necessary to make a ruling on this matter in order that there will be uniformity on this question in the future.

Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, specifies what debts may have priority. Paragraph (b) of said section in part is as follows: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates. and the order of payment shall be (1) the actual and nec-

essary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases, and, where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expense of such recovery." The other portions of this paragraph are not material to this question.

The above section contains the only reference to allowance as priority claims of filing fees and this reference is specifically to involuntary cases.

It is contended by those authorities that approve the allowance of filing fees by a third person in voluntary cases as an item of expense, that such fee is an expense in preserving the estate. But clause (1) of paragraph (b) of the said section eliminates that theory because that clause is clear and unambiguous. It states: "the actual and necessary cost of preserving the estate subsequent to filing the petition." The filing fees in voluntary cases are provided prior to, or simultaneously with, the filing of the petition. There is no bankruptcy case until the petition shall have been filed.

Filing fees that are advanced by a third party are advanced for the benefit of the person filing the voluntary petition and, therefore, said third person advancing such fees becomes a creditor of the petitioner before the petitioner becomes a bankrupt, and this is true regardless of whether the fees are paid directly to the clerk of the court or are advanced, to be paid to the clerk by said petitioner.

The only case which has been presented to this court, upholding the allowance of said claim as a priority claim, is Whiston v. Smith, D.C.Mass., 1872, Fed.Cas. No. 17,523. This is an old case and was under the act of 1867. The present bankruptcy act was passed in 1898 and has been amended at different times.

More recent cases, however, although by District Courts, have taken the position that there is no provision in a voluntary case for allowing as a priority claim a filing fee advanced by a third person. This position is sustained in Re Rosenstein, D.C.Pa.1932, 2 F.Supp. 726, 22 A.B.R.,N.S., 606, and In re Goldenberg, D.C.Pa.1933, 2 F.Supp. 727, 22 A.B.R.,N.S., 404. The reasoning in the Rosenstein Case is, in the judgment of this

court, so sound that the question is no longer an open question.

The order of the referee, in disallowing the claim, is sustained, and an exception is allowed.