## UNITED STATES v. COOPER CORPORATION et al.

District Court, S. D. New York.
Feb. 16, 1940.

Allen Dobey, Sp. Asst. to Atty. Gen., Richard Decker and Joseph McDowell, Sp. Attys., both of Washington, D. C., Thurman Arnold, Asst. Atty. Gen., and Myles J. Lane, Sp. Asst. to Atty. Gen., for plaintiff.

Osborne Mitchell, of Youngstown, Ohio, and Henry Goldstein, of New York City, for defendants Cooper Corporation and Falls Rubber Co.

Charles Wesley Dunn, of New York City, for defendant B. F. Goodrich Co.

Pickrel, Schaeffer, Harshman, Young & Ebeling, of Dayton, Ohio, and Maurice P. Davidson, of New York City, for defendant Dayton Rubber Mfg. Corporation.

Kenefick, Cooke, Mitchell, Bass & Letchworth, and Lyman M. Bass, all of Buffalo, N. Y., for defendant Dunlop Tire & Rubber Co.

Luther Day, of Cleveland, Ohio, and Davidson, Moses & Sicher, of New York City, for defendant Firestone Tire & Rubber Co.

Dwight, Harris, Koegel & Caskey, of New York City, for defendant Fisk Rubber Corporation.

Sullivan & Cromwell, of New York City, for defendant General Tire & Rubber Co.

Frederick R. Wahl, of Akron, Ohio, and Wright, Gordon, Zachry & Parlin, of New

York City, for defendants Goodyear Tire & Rubber Co., Inc. and Kelly-Springfield Tire Co.

Spence, Windels, Walser, Hotchkiss & Angell, of New York City, for defendant Lee Tire & Rubber Co. of N. Y., Inc.

Slabaugh, Seiberling, Huber & Guinther, of Akron, Ohio, and Milton Dammann, of New York City, for defendants Mohawk Rubber Co. of N. Y., Inc., and Seiberling Rubber Co.

Ingram & Schenck, of New York City, for defendant Norwalk Tire & Rubber Co.

Jeffery, Escher & Murray, of New York City, for defendant Pennsylvania Rubber Co.

Arthur, Dry & Dole, of New York City, for defendants United States Rubber Products, Inc., and U. S. Dealers Corporation.

Luther Day, of Cleveland, Ohio, of counsel for all defendants' attorneys.

CONGER, District Judge.

This is a motion by the defendants to dismiss the complaint because it fails to state a claim upon which relief can be granted.

The complaint sets forth an alleged claim under Section 7 of the Sherman Act, 26 Stat. 210, 15 U.S.C.A. § 15 note, asking for treble damages allegedly suffered by the United States in purchasing tires from the defendants at uniform prices.

Section 7 of the Sherman Act reads as follows: "Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any district court of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover three fold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee."

The question involved is whether or not the United States can be considered a "person" with the right to sue under the above-quoted section.

Section 8 of the Sherman Act, 15 U.S.C.A. § 7, which defines a "person", reads as follows: "The word 'person,' or 'persons,' wherever used in this act [section 1, 2, 3, or 15 of this chapter], shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States, the laws of any

of the Territories, the laws of any State, or the laws of any foreign country."

It might be noted at this time, that this is the first suit brought by the United States under this section since the Act was passed on July 2, 1890. The United States has limited itself, in the past, to the criminal and equitable injunction sections of the antitrust laws.

Section 8, supra, which defines a "person" includes corporations and associations existing under the laws of the United States, but fails to specifically include the government of the United States, and therefore, it rests upon the court to interpret this statute, and to determine whether or not the United States can be considered such a "person", entitled to sue.

There is very little precedent in the reported cases to aid in deciding this question, but from the cases that are reported, it is apparent that the courts, in the past, have been careful in distinguishing, not only between the criminal and civil sections of this Act, but also in distinguishing between what the United States can and cannot do under the Act. Nowhere is the United States expressly given the right to bring a civil action under Section 7; but nowhere is the United States specifically denied this right, either.

There are a number of cases wherein Section 7 and 8 of the Act have been construed, although not exactly on the precise point. Nevertheless there is very significant language in several of these cases, indicating that the courts have been careful to point out that Section 7 is restricted to private persons and that the remedy of the government is given in the criminal and equitable injunction sections of the Act.

For instance, in the case of Pidcock v. Harrington, C.C., 64 F. 821, 822, we find this language: "* * * a private person is given (section 7) the right to maintain an action at law. * * * The first three sections are penal statutes. They give no civil remedy. Section 4 vests the right to institute proceedings in equity in the district attorneys of the United States, and, together with section 5, prescribes the procedure in such suits. Section 6 provides for the seizure and forfeiture to the United States of property illegally owned under the provisions of the act. So far, then, the act is a public act providing no private remedy. * * * The only section which gives a private remedy is the seventh * * *."

In Greer, Mills & Co. v. Stoller, C.C., 77 F. 1, 3, we find this language: "Section 7 gives to the private person 'injured in his business or property by any other person or corporation by reason of anything forbidden, or declared to be unlawful by this act,' a right to sue in a circuit court of the United States in the district in which the defendant resides or is found for threefold damages by him sustained. The statute, being highly penal in its character, must be strictly construed; and, having created a new offense, and imposed new liabilities, and having provided the modes of redress to the public and the private citizen, by established rules of construction, these remedies are exclusive of all others. * * *"

In United States v. Patterson, D.C., 201 F. 697, 714, reversed on other grounds, 6 Cir., 222 F. 599, certiorari denied, 238 U.S. 635, 35 S.Ct. 939, 59 L.Ed. 1499, we find the following: "Hence the right given by section 7 to an individual to recover for injury to his business or property with threefold damages, and the right given by section 4 to the government to prevent by injunction a continuance of the acts complained of, are rights growing out of the commission of a crime, by whomsoever it may be, whose acts also subject him to the criminal penalties of the statute. If he has been guilty of a crime described in section 1 or 2, then he may be restrained by the government in a civil action, or be compelled by an individual who has been injured in his business or property to respond in threefold damages."

 The language in the above cases would seem to indicate a denial of the civil rights under Section 7 being given to the federal government although this is not specifically stated. The courts have pointed out that violation of the Act was a statutory offense, of a penal nature, in which the right is given to an individual to recover for injury to his business or property with threefold damage; to the government to prevent by injunction a continuance of the acts, or to subject the offender to the criminal penalties of the statute. In accord that these remedies are exclusive and that this statute must be strictly construed: D. R. Wilder Mfg. Co. v. Corn Products Refining Co., 236 U. S. 165, 35 S.Ct. 398, 59 L.Ed. 520, Ann.Cas. 1916A, 118; Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505.

See also General Inv. Co. v. Lake Shore R. Co., 260 U.S. 261, 286, 43 S.Ct. 106, 116, 67 L.Ed. 244, wherein the court used this very pertinent language: "As respects the Sherman Anti-Trust Act as it stood before it was supplemented by the Clayton Act, this court has heretofore determined that the civil remedies specially provided in the act for actual and threatened violations of its provisions were intended to be exclusive and that those remedies consisted only of (a) suits for injunctions brought by the United States in the public interest under section 4; and (b) private actions to recover damages brought under section 7."

An analogous situation is found in the case of Davis v. Pringle, 4 Cir., 1 F.2d 860, 863, affirmed 268 U.S. 315, 45 S.Ct. 549, 69 L.Ed. 974, wherein the court held that the United States . could not be classed as a person in order to claim priority under the Bankruptcy Act. There the court said:

"The failure to include the United States and the states in the definition could not have been inadvertent. The United States and the several states of the Union are not persons, and are not commonly thought of as persons, and if it had been intended that 'persons' should have such a comprehensive and unusual meaning as to include them, the framers of the definition would have said so.

"Again, when the Congress had already dealt with claims of the United States under the name of the United States, and had deliberately limited its priority to taxes, it is hardly reasonable to attribute to the Congress an intention to deal again with the claims of the United States and include them in a provision relating to debts of 'any person.' "

The United States Supreme Court stated in affirming the above-quoted case: "The ordinary dignities of speech would have led to the mention of the United States at the beginning of the clause, if within its purview. Elsewhere in cases of possible doubt when the Act means the United States it says the United States." 268 U.S. 315, 317, 318, 45 S.Ct. 549, 550, 69 L.Ed. 974. See also United States v. Securities Corporation General et al., 55 App.D.C. 256, 4 F. 2d 619, 620, 622, affirmed 269 U.S. 283, 46 S.Ct. 116, 70 L.Ed. 275.

Thus it may be said that the courts are reluctant to include the United States in the definition of "any person", when used in a statute, unless Congress specifically includes the United States under that definition. This is even more obvious when the United States is given its remedies in other sections of the same statute.

The context of the Act is most significant. Sections 1, 2, 3, 4, and 6, 15 U.S.C.A. §§ 1–4, 6, explicitly gives a remedy to the United States. In Section 7 the word United States is not mentioned. This seems to be most significant, for had Congress intended to give the United States the remedy contemplated under Section 7, it would have so stated.

The plaintiff contends further that they should not be denied the right to sue under Section 7, because the United States is a corporation, existing under the laws of the United States, namely the Constitution, and hence is entitled to sue as a "person" under the definition in Section 8 of the Act. It is fundamental that the United States exists as a sovereign of delegated powers; delegated to it by the sovereigns making up the United States, the individual states. While there may be isolated cases which hold that the different states, and even the United States, are "bodies politic and corporate", they do not hold that the United States is a corporation existing by the laws of the United States. The courts have carefully distinguished between the body of delegated powers, the Constitution, which is the "supreme law of the land", and the laws of the United States which are the Acts of Congress. New Orleans, M. & T. Railroad Co. v. Mississippi, 102 U.S. 135, 26 L. Ed. 96; Beck v. Johnson, C.C., 169 F. 154. Even in the Constitution itself, (Article III) this distinction is made: "Section 2. The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *." And again in Article VI of the Constitution: "This Constitution, and the laws of the United States which shall be made in Pursuance thereof * * *." The United States cannot, therefore, be classified as a corporation existing under the laws of the United States as stated in Section 8 of the Sherman Act.

From the discussion of the framers of this Act, when it was introduced as a bill in the United States Senate, and prior to its enactment (Congressional Record #21, pp. 2563–4, 2567, 2641), it seems quite clear that the United States itself was never intended as a party with the right to sue for treble damages under Section 7.

The motion of the defendants should be granted, and the complaint dismissed. Settle order on notice.