## UNITED STATES v. COOPER CORPORATION et al.

### No. 363.

Circuit Court of Appeals, Second Circuit.

Aug. 8, 1940.

Writ of Certiorari Granted Nov. 12, 1940.

See 61 S.Ct. 141, 85 L.Ed. ——

Myles J. Lane, Sp. Asst. to Atty. Gen., Thurman Arnold, Asst. Atty. Gen., Hugh B. Cox and Allen A. Dobey, Sp. Assts. to Atty. Gen., and Joseph McDowell, Sp. Atty., of Washington, D. C., for appellant.

Slabaugh, Seiberling, Huber & Guinther, of Akron, Ohio, and Milton Dammann, of New York City, for defendants Cooper Corporation, Falls Rubber Co., Mohawk Rubber Co. of N. Y., Inc., and Seiberling Rubber Company.

Pickrel, Schaeffer, Harshman, Young and Ebeling, of Dayton, Ohio, Maurice P. Davidson, of New York City, for defendant Dayton Rubber Mfg. Co.

Kenefick, Cooke, Mitchell, Bass & Letchworth and Lyman M. Bass, all of Buffalo, N. Y., for defendant Dunlop Tire & Rubber Corporation.

Luther Day, of Cleveland, Ohio, and Davidson, Moses & Sicher, of New York City, for defendant Firestone Tire & Rubber Co.

Arthur, Dry & Dole, of New York City, for defendants Fish Rubber Corporation, United States Rubber Products, Inc., and U. S. Tire Dealers Corp.

Sullivan & Cromwell, of New York City, for defendant General Tire & Rubber Co.

Charles Wesley Dunn, of New York City, for defendant B. F. Goodrich Co.

Wright, Gordon, Zachry & Parlin, of New York City, for defendants Goodyear Tire & Rubber Co., Inc., and Kelly-Springfield Tire Co.

Spence, Windels, Walser, Hotchkiss & Angell, of New York City, for defendant Lee Tire & Rubber Co. of N. Y., Inc.

Ingram & Schenck, of New York City, for defendant Norwalk Tire & Rubber Co.

Jeffery, Escher & Murray, of New York City, for defendant Pennsylvania Rubber Co.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The United States brought this civil action under Sec. 7 of the Sherman Act, 15 U.S.C.A. § 15 note, against eighteen defendants to recover treble damages because of injuries resulting from an alleged unlawful agreement as to uniform prices charged the government for automobile tires it purchased. The defendants moved to dismiss on the ground that the government is not a person within the meaning of the word in Sec. 7 as defined in Sec. 8 of the Sherman Act, 15 U.S.C.A. § 7. The motion was granted and this appeal was

taken from the order dismissing the complaint.

Sec. 7 is as follows: "Sec. 7. Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any district court of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee."

Such a civil action as this was not formerly attempted by the government which was content to confine its activities to the other aspects of the statute. Yet there is no express provision denying it the right to sue for civil injuries it has sustained because of violations of the statute and the order below must be held right or wrong in accordance with a correct determination of whether or not the word "person" in Sec. 7 embraces the government.

Considerable light is thrown on that subject by the definition of "person" found in Sec. 8, 15 U.S.C.A. § 7. It provides that: "The word 'person,' or 'persons,' wherever used in section 1, 2, 3, or 15 of this chapter shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States, the laws of any Territories, the laws of any State, or the laws of any foreign country."

Ordinarily the word person in a statute does not include the government. United States v. Fox, 94 U.S. 315, 24 L.Ed. 192. Nor does Sec. 8 bring the government within the statutory meaning of the word unless the United States is a corporation existing under the laws therein mentioned. Obviously, the only such laws under which it could possibly so exist are the laws of the United States. None of what are commonly known as laws of the United States, however, brought the government into being or authorized its existence. On the contrary, they exist because of it.

■ It exists as a government of delegated powers by virtue of the constitution and while that is sometimes classed as among the laws of the United States in that it may be said to be the supreme law of the land it is not of a kind with specific laws passed in accordance with its provisions which relate to the creation, existence and control of corporate bodies. In the constitution itself a distinction is made between the judicial power arising under it and under the laws of the United States. Art. III, Sec. 2. See also Art. VI. The distinction has had judicial recognition. New Orleans, M. & T. Railroad Co. v. Mississippi, 102 U.S. 135, 26 L.Ed. 96. The corporations and associations which are included in the word "person" by Sec. 8 of the Sherman Act as existing under or authorized by the laws of the United States must be those which could not exist except by virtue of laws other than the constitution. The federal government cannot be among those for there were no such laws until after the United States was in existence.

■ Nor is there any reason appearing from the language of the Sherman Act to give support to the thought that Congress intended to give the government the right to sue under Sec. 7. There is ample reason here, as there was in Davis v. Pringle, 268 U.S. 315, 316, 45 S.Ct. 549, 550, 69 L.Ed. 974, where the meaning of the word "person" as used in Sec. 64, sub. a (5) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a (5), was under consideration, for saying that if Congress had intended to include the government in Sec. 7 the "ordinary dignities of speech would have led to the mention of the United States." Moreover, the Act has heretofore been construed uniformly to give the government power to prosecute criminally and to secure injunctions and to give private parties by Sec. 7 the right to recover civil damages for injuries. Piddock v. Harrington, C.C., 64 F. 821; Greer, Mills & Co. v. Stoller, C.C., 77 F. 1; United States v. Patterson, D.C., 201 F. 697; General Investment Co. v. Lake Shore & Michigan So. Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244. Furthermore, if the federal government is included in the word "person" as one who may sue civilly for damages it must be included in the phrase "any other person or corporation" in the same section as one who may be sued; for there is absolutely nothing to indicate that Congress intended to use the same word twice in the same section without having its meaning the same in each instance. The argument in support of the government's position is not only novel but proves too much when it leads to the imposition of such a liability by indirection.

Affirmed.

CLARK, Circuit Judge (dissenting).

The occasional decisions in which the word "person" has been said to exclude the sovereign have never attained the dignity of a firm rule of law. In many cases the state or United States has been held included within legislative contemplation when "person" appeared in a statute, often under circumstances harmful, rather than helpful, to the sovereign. See Stanley v. Schwalby, 147 U.S. 508, 517, 13 S.Ct. 418, 37 L.Ed. 259; Ohio v. Helvering, 292 U.S. 360, 54 S.Ct. 725, 78 L.Ed. 1307 [cf. Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 86, 55 S.Ct. 50, 79 L.Ed. 211]; Nardone v. United States, 302 U.S. 379, 383, 58 S.Ct. 275, 82 L.Ed. 314; Republic of Honduras v. Soto, 112 N.Y. 310, 19 N.E. 845, 2 L.R.A. 642, 8 Am.St.Rep. 744; State of Ohio ex rel. Fulton v. Saal, 239 App. Div. 420, 267 N.Y.S. 558; Id., 240 App. Div. 902, 267 N.Y.S. 560, 561, appeal dismissed on other grounds, 264 N.Y. 465, 191 N.E. 516; Sherwood v. United States, 2 Cir., 112 F.2d 587. The last two decisions, imposing burdens on the sovereign, were reached in the face of § 37 of the N. Y. General Construction Law, which defines "person" in such a way as normally to exclude the government.

Accordingly, the only principle of any validity that may be wrung from the cases is that the meaning of "person" depends upon the legislature's intent under the circumstances. Ohio v. Helvering, supra; Matter of Bronson's Estate, 150 N.Y. 1, 5, 44 N.E. 707, 34 L.R.A. 238, 55 Am.St.Rep. 632. The exhaustive study of contemporary congressional debates relied on by the court below, D.C.S.D.N.Y., 31 F.Supp. 848, 851, and offered to us here appears inconclusive; neither Senator Sherman, who presented a first draft, nor Senator Hoar, who drafted the final act, appear to have given public consideration to the matter here involved. 35 Ill.L.Rev. 223. In cases of this sort, where speculation over actual intent is futile, we have attempted to estimate whether the injuries done to the sovereign by including it within the purview of the statute are so great that the legislature can be presumed not to have intended them. Sherwood v. United States, supra. Where the legislation is clearly remedial and not injurious to the sovereign, there seems no persuasive precedent for reading it restrictively.

It is virtually impossible to suggest a plausible reason why Congress, if it had thought of the matter, would have denied the triple-damage remedy to the United States and to the states, while granting it to every other natural or legal person in existence. The United States operates the largest business enterprise in the nation, and in its capacity as a purchaser of tires, it can be injured as much in its "business or property" as can any other entity. It should make no difference whether Section 7 is punitive or remedial in character. Before holding that a clear wrong should go unpunished merely because it was committed against the United States, we should require strong evidence that the legislature intended so anomalous a result.

The definition of "person" in Section 8 does not settle the matter; that merely states what "person" shall be deemed to include, not what the word excludes. Thus it does not expressly include natural persons, but no one contends they are exempted from the operation of the Sherman Act. Again, Section 7 gives the remedy to any person against any other person or corporation. The fact that "corporation" is mentioned in one place and not in the other thus has no significance. The purpose, it seems, was not to restrict the remedy, but to make sure that the Act applied to corporations. Cf. 35 Ill.L.Rev. 223.

Davis v. Pringle, 268 U.S. 315, 45 S.Ct. 549, 69 L.Ed. 974, does not stand directly opposed to this conclusion. What the government sought in the Davis case was a special privilege unavailable to any other legal entity—the privilege of an absolute preference in the distribution of the assets of an insolvent estate. What the government seeks here is a right equal to and no greater than that conferred on every other person in the land. Moreover, there was convincing internal evidence of legislative intent in the Davis case. It may be noted that just one year after the Davis decision, the statute in question was amended so as explicitly to incorporate the definition there rejected. 44 Stat. 666, 11 U.S.C.A. § 104, sub. b (7); see In re C. D. Hauger Co., D.C.N.D.Tex., 54 F.2d 117, 118.

I do not believe our answer to the question here forecloses discussion of that other question whether the United States is itself subject to suit under Section 7 for possible violations of the Sherman Act. There is no necessary rule of mutuality; Congress could confer the right to sue upon the United States and deny any sovereign liability. For my part I am willing

416

to listen to argument upon the latter question if and when it becomes an actual issue. Now I content myself with saying that I am satisfied that the United States may sue under Section 7, and therefore I would reverse the decision below.