## In re L. E. ELLIOTT BROKERAGE CO.
### No. 9850.

District Court, D. Kansas, First Division.

May 6, 1942.

Forrest J. Horton, of Salina, Kan., pro se.

Homer B. Jenkins, of Salina, Kan., for trustee.

BRISTOW, Referee.

The issue now before the court for determination arises from an application for an attorney's fee filed herein by Forrest J. Horton as attorney for certain wage

claimants and the objections filed thereto by the trustee upon the ground that the estate is not liable for any such fee. There is no objection to the amount asked. There are present the applicant in person and the trustee by his attorney Homer B. Jenkins.

There is no dispute as to the facts. For several years before the petition in bankruptcy was filed, the bankrupts had been engaged in the wholesale distribution of fresh fruits, vegetables and groceries. After adjudication there was filed herein claims by six former employees of the bankrupts for overtime wages due them under the provisions of the Federal Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. They asked for priority of payment. After due hearing five of the claims were allowed but without priority. The sixth was disallowed and expunged.

A few days later Mr. Horton filed an application for the payment to him of a fee for the prosecution of these claims. He based such application upon Sec. 16(b) of the Fair Labor Standards Act which provides that action may be brought in any court of competent jurisdiction by an employee for unpaid overtime and that "the court in such action shall, in addition to any judgment awarded to the plaintiff * * * allow a reasonable attorney's fee to be paid by the defendant, and costs of the action". So far as I have been able to find there is no reported decision construing this provision as applied to claims in bankruptcy. The Act makes no mention of claims in bankruptcy and it, therefore, becomes necessary to determine from general principles whether this provision permits the payment out of the bankrupt estate of a fee to an attorney who obtains the allowance of a claim for compensation due under the Act. It is hardly necessary to cite authority for the statement that under the bankruptcy clause of the Constitution, article 1, § 8, cl. 4, Congress and Congress alone may determine what claims shall be payable in bankruptcy and the order of their payment, subject only to such restrictions upon the exercise of its powers as may be found in other parts of the Constitution.

The Bankruptcy Act, 11 U.S.C.A. § 1 et seq., carefully specifies what distribution may be made of the assets of a bankrupt estate. Among attorneys' fees which may be paid out of such assets are a reasonable fee for the attorney for the petitioning creditors, for the bankrupt, for the trustee and receiver and for attorneys for creditors when rendering certain specific services in behalf of the estate (See Sec. 64, 11 U.S. C.A. § 104), but nowhere is there any provision for the payment of fees to attorneys who obtain the allowance of claims filed by creditors in the bankruptcy proceeding. In the new 14th Edition of Collier on Bankruptcy, Vol. 3, p. 1535, it is stated: "Although bankruptcy courts are vested with equitable powers and are frequently authoritatively called courts of equity, yet the Act and the General Orders [11 U.S.C.A. following section 53], in their present carefully revised form, must normally be considered both as the only source and at the same time as a deliberate limitation on the exercise of judicial discretion. Allowances to creditors for costs and expenses in certain situations enumerated in the Act (in general in Sec. 64, sub. a) and the General Orders are a matter of right, not of discretion. The correlative, we believe, is also the general rule: that equitable considerations cannot authorize the allowance of costs and expenses to creditors in situations not enumerated in the Act or the General Orders." See also p. 1565 of the same volume: "No allowance will be made to a creditor's attorney for proving his client's claim."

Before the amendments to the Bankruptcy Act passed in 1938, debts granted priority by State Law were granted priority in bankruptcy. In some states a provision in a note for an attorney's fee, if the note is placed in the hands of an attorney for collection, is valid and recognized in bankruptcy but such fees become merely a part of the general claim of the creditor. They are never allowable in bankruptcy as a fee payable to the attorney with right of priority. In re Hersey, D.C., 171 F. 1004, 22 A.B.R. 863; Mechanics-American Nat. Bank v. Coleman, 8 Cir., 204 F. 24, 29 A.B.R. 396.

Section 64 provides for the repayment as a cost entitled to priority of the filing fee advanced by petitioning creditors. No provision is made for the repayment of a filing fee paid by the bankrupt's attorney or some friend and the courts have held that the money thus advanced is not entitled to any priority though in some instances such a ruling has appeared to be very unfair. In re Sparks, D.C., 22 F.Supp.

886, 36 A.B.R.,N.S., 934; In re Rosenstein, D.C., 2 F.Supp. 726, 22 A.B.R.,N.S., 606.

 Section 3466 of the Revised Statutes, 31 U.S.C.A. § 191, reads as follows: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed." The Supreme Court at its present term has decided that this gives taxes due the United States priority over taxes due a state. United States v. Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356. Yet, in spite of the reference to persons who are insolvent and to acts of bankruptcy, the courts have uniformly held that this section does not apply in bankruptcy and that debts due the United States are governed by Sec. 64 of the Bankruptcy Act. State of Missouri v. Ross, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46, 32 A.B.R.,N.S., 167; In re Wyley Co., D.C., 292 F. 900, 1 A.B.R.,N.S., 559; In re A. E. Fountain, Inc., D.C., 295 F. 873, 2 A.B.R., N.S., 455; In re A. J. Waterman Mfg. Co., D.C., 291 F. 589, 2 A.B.R.,N.S., 392; Davis v. Pringle, 268 U.S. 315, 45 S.Ct. 549, 69 L. Ed. 974, 5 A.B.R.,N.S., 969; In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979, 38 A.B.R.,N.S., 766. In fact, I know of no instance in which any Act of Congress has been held to override the provisions of the Bankruptcy Act regarding allowances or priorities unless it is unmistakable from the wording of the Act that such was the intention of Congress. For example: the Act of May 10, 1934, 26 U.S.C.A. Int.Rev.Code, § 52 and the Act of June 18, 1934, 28 U.S.C.A. § 124a, which provide that receivers and trustees of corporations appointed by Federal Courts, while operating the business of the corporations, shall be subject to the same taxes as the corporations themselves would have been. I can see in the terms of Sec. 16(b) of the Fair Labor Standards Act no such clear manifestation of intention on the part of Congress. It will be observed that in ordinary actions for the recovery of money

under the Fair Labor Standards Act, when the plaintiff wins, his attorney's fee is merely made a part of the judgment which he recovers. It is not awarded as a separate fee due the attorney. Lewis v. Nailling, D.C., 36 F.Supp. 187. The claimants in this case did not ask for allowance of an attorney's fee as part of their claims and Mr. Horton has not filed any claim of lien upon whatever money may become payable upon these claims. I must therefore rule that his claim cannot be in any respect recognized and an order to this effect will be drawn.

No review of this order was asked.