287 F.2d 21
 W. S. BABLE, President of Local No. 242, Utility Workers of
America, for and on behalf of himself, individually, and for
and on behalf of certain employees and others similarly
situated, H. R. Mottarn, Secretary of Local No. 242, Unility
Workers of America, for and on behalf of himself,
individually, and for and on behalf of certain employees
similarly situated, appellants in No. 13320,
v.
T. W. PHILLIPS GAS AND OIL COMPANY, Appellant in No. 13321.
 Nos. 13320, 13321.
 United States Court of Appeals Third Circuit.
 Argued Dec. 16, 1960.
Decided Feb. 10, 1961, Rehearing Denied March 6, 1961.
 
 David E. Seidelson, Pittsburgh, Pa. (Meyer W. Gordon, Rothman, Gordon & Foremen, Pittsburgh, Pa., on the brief), for appellant.
 John C. Vane, Jr., Pittsburgh, Pa. (John G. Wayman, J. Sherman McLaughlin, Reed Smith Shaw & McClay, Pittsburgh, Pa., on the brief), for defendant.
 Before KALODNER, STALEY and HASTIE, Circuit Judges.
 STALEY, Circuit Judge.
 
 
 1
 Plaintiffs, a group of employees, brought this action under Section 16(b) of the Fair Labor Standards Act ('F.L.S.A.'), S.A.'), 29 U.S.C.A. 216(b) to recover overtime pay, liquidated damages, and attorney fees. The original complaint filed on February 21, 1947, naming six employees as plaintiffs, was amended on March 24, 1947, to include eighty-seven additional employees. On May 26, 1947, warrants of attorney and consents to suit were filed on behalf of the ninety-three plaintiffs of record as well as eight other employees of the defendant corporation court committed reversible error in not action
 
 
 2
 Concluding that only ninety-three employees were parties plaintiff, the district court entered judgment for back overtime pay in the amount of $23,813.16, and awarded $2,500 for attorney fees and $274.37 for costs.
 
 
 3
 Plaintiffs and defendant appealed. Defendant contends that the district court committ-d reversible error in not allowing it credit against the overtime pay claims for certain periodic payments it made to plaintiffs between 1941 and 1945, and in finding that its good faith defense under Section 9 of the Portal-to-Portal Pay Act, 29 U.S.C.A. 258[1] to such claims terminated on September 28, 1942, rather than May 17, 1944. Plaintiffs contend that the evidence adduced does not support either a Section 9 defense, asserting more particularly that there was no agency action on which the defendant could have relied in failing to pay overtime, or the district court's finding that defendant had a good faith defense to the liquidated damages claim under Section 11 of the Portal-to-Portal Pay Act, 29 U.S.C.A. 260.[2] Plaintiffs also urge us to find that eight employees in whose behalf warrants of attorney and consents to suit were filed are parties plaintiff to this action.
 
 
 4
 In passing on defendant's good faith defenses, the following facts were before the district court:
 
 
 5
 During all relevant times defendant produced oil and natural gas within Pennsylvania. All of the natural gas was sold and distributed to customers, either domestic, commercial or industrial, within the state. Defendant's employees were divided between gas and oil operations. From among those who worked in the gas operations, a number were assigned to the so-called 'low pressure' system and lines providing gas to domestic consumers or for use by small commercial establishments, while others worked on 'high pressure' lines which were maintained primarily to serve industrial plants, some of which in turn shipped part of their production in interstate commerce.
 
 
 6
 Before enactment of the F.L.S.A. and for a time thereafter, defendant did not pay overtime to any of its employees. As a result of an investigation of defendant's operation conducted by Inspector Suiter of the Wage and Hour Division in the late spring or early summer of 1941, it was determined that employees involved in the production and distribution of oil were covered by the F.L.S.A. Plaintiffs, however, were primarily involved in producing and distributing gas. On July 21, 1941, defendant forwarded a letter to the Pittsburgh office of the Wage and Hour Division agreeing therein that oil employees were entitled to overtime, and expressed a willingness to forward to this same office detailed computations for back overtime pay in accordance with instructions received from Suiter. On August 5, 1941, these computations were forwarded to the Pittsburgh office on a Wage and Hour Division form entitled, 'Summary of Unpaid Wages Under the Fair Labor Standards Act of 1938 and Employees' Acknowledgment of Payment,' together with a covering letter, a copy of which was purportedly forwarded to Suiter. For the time being, nothing further was heard from the Wage and Hour Division.
 
 
 7
 On June 24, 1942, the defendant received from its counsel a written opinion that employees of the gas division were not covered by the F.L.S.A.
 
 
 8
 After and as a result of an inspection by Inspector McCutcheon of the Erie office of the Wage and Hour Division, it was concluded that some twelve or thirteen office and clerical employees who spent part of their time on administrative matters involving the oil end of defendant's business were covered by the F.L.S.A. and entitled to back overtime pay. Thereafter, on September 10, 1942, defendant forwarded a letter to the Wage and Hour Division, Region III office in Pittsburgh, enclosing completed official forms showing specifically what overtime payments these employees were entitled to receive. On September 28, 1942, Inspector McCutcheon by letter approved the accuracy of these computations but indicated that final approval would be withheld pending review by the Legal Department. The district court concluded that it was at this point that defendant's Section 9 good faith defense ended.
 
 
 9
 The defendant continued to pay overtime to those employees that the inspectors had indicated were covered by the F.L.S.A. and apparently had no further contact with the Wage and Hour Division, at least as concerned coverage of its employees, until 1944. On May 17 of that year, the Administrator of the Wage and Hour Division commenced an action against defendant claiming that the gas employees were covered by the F.L.S.A. After extensive proceedings, a consent decree was entered effective March 1, 1946.
 
 
 10
 With the above facts before it, we cannot say that the district court's finding was clearly erroneous or that it abused its discretion in sustaining defendant's defense raised under Section 11 to the liquidated damages claim. Also, those facts fully support its finding under Section 9 that defendant in not paying overtime from February 20, 1941, to September 28, 1942, acted in reliance on official action of the Wage and Hour Division. /3/
 
 
 11
 In view of our action in affirming the district court's application of the good faith defenses, the question plaintiffs raise concerning the statute of limitations has become moot.
 
 
 12
 Defendant's contention that it is entitled to credit against the overtime pay claims for certain payments made to the plaintiffs from 1941 to 1945 is based on the following uncontradicted facts:
 
 
 13
 By letter dated September 10, 1941, defendant informed its employees that it planned to make additional payments to the gas employees consisting of a certain percentage of such employees' regular salary or wages paid during the first eight months of 1941. This and eleven other similar payments, characterized as 'bonuses' by an officer of defendant corporation in his testimony before the district court, were made to the gas employees between September 10, 1941, and May 10 1945. The letter of September 10 stated that similar payments had been made on several occasions in the past, and that it was defendant's policy to 'continue voluntary additional payments to its employees.' These payments were included in the gas employees' regular pay checks which at the time such payments were made contained a printed endorsement, of which the following is an example:
 
 
 14
 'I hereby agree, by acceptance of this check and the amount represented thereby, that to the extent that said amount exceeds the regular wage or salary and expenses, if any, due me for the month of August 1941, that said payments shall be credited against any overtime pay that may be due me from the T. W. Phillips Gas & Oil Company under the Federal Wage and Hour Act of 1938 for services rendered prior to September 1, 1941.
 
 
 15
 -----------------------------------y b
 
 
 16
 'This check will not be paid unless endorsed bya the person to whom it is made payable.'
 
 
 17
 The finding of the district Court that endorsed by the person to whom it is which the defendant could not obtain credit against the plaintiffs' overtime pay claims is not clearly erroneous.
 
 
 18
 We agree with the plaintiffs that the district court incorrectly concluded that the eight employees not named in the original complaint or the amendment thereto filed on March 24, 1947, were not parties plaintiff.[4] From the facts in the record, we conclude that the warrants of attorney and consents to suit executed by the eight employees and subsequently filed in their behalf on May 26, 1947, constituted, in effect, an amendment to the complaint, making them parties plaintiff as of that date.[5] Defendant on March 15, 1947, pursuant to 29 U.S.C. 216 (b) filed a motion requesting that counsel for plaintiffs be directed to file warrants of attorney executed by every employee in whose behalf the action was brought so that an answer could be prepared and a defense formulated. The district court on March 24, 1947, directed that warrants be filed 'by every employee of the defendant in whose behalf this case has been brought or is to be maintained * * *'. In its answer which followed filing of the warrants, defendant stated that the action was being purportedly prosecuted on behalf of one hundred and one employees. In the record we find several instances where during the proceedings below the court as well as counsel for the plaintiffs and defendant stated that one hundred or more employees were asserting claims. Defendant was fully aware of the identity of the eight employees and the nature of their claims, and consistent with its answer and while attempting to estalish good faith defenses did, it appears, introduce evidence relevant to four of them. These facts make most pertinent the observation which Judge Augustus N. Hand made concerning a similar contention in Gibbons v. Equitable Life Assurance Society, 2 Cir., 1949, 173 F.2d 337, 339:
 
 
 19
 '* * * To hold that they were not named as plaintiffs would involve refinements of reasoning and disregard of the real facts that would not be in accord with any sensible or even rational interpretation of the complaint or the answer, or the acts of the parties taken as a whole.'
 
 
 20
 It is contended that the counsel fees awarded by the district court were inadequate and should be increased, and we are further asked to award counsel fees and costs for this appeal. The amount of counsel fees to be awarded is a matter that rests within the sound discretion of the court. After duly considering the amount of recovery, the nature and complexity of the issues involved, and the fact that counsel did not enter the case until 1959, we find no basis for concluding that the district court in awarding fees abused its discretion. For this appeal, plaintiffs will be awarded $750 in counsel fees, plus costs in the amount of $1,402.57.
 
 
 21
 That part of the district court's judgment holding that the eight employees of the defendant were not parties plaintiff will be reversed, and as to them the cause will be remanded for further proceedings not inconsistent with this opinion; in all other regards, the judgment of the district court will be affirmed.
 
 
 
 [1]
 section 9 of the Portal-to-Portal Pay Act, 29 U.S.C.A. 258, reads as follows: 'In any action or proceeding commenced prior to or on or after May 14, 1947 based on any act or omission prior to May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interterpretation, of any agency of the United States or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.'
 
 
 [2]
 Section 11 of the Portal-to-Portal Pay Act, 29 U.S.C.A. 260, reads as follow: 'In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216(b) of this title.'
 
 
 [3]
 Where a court faces a question whose resolution depends primarily upon the peculiar facts before it, little help is usually garnered from other decisions. We have examined the cases plaintiffs cite in opposition to the district court's findings on the good faith defenses raised before it, and we conclude that all of them are factually distinguishable and clearly inapposite
 
 
 [4]
 The names of the eight employees are as follows: R. C. Steiner, E. L. Ritchie, W. E. Bulford, L. A. Schnur, John Gilghrist, C. W. Hollobaugh, Lloyd Dunmire and J. Paul Hoffman
 
 
 [5]
 The statute of limitations provided for by Section 6(b) of the Portal-to-Portal Pay Act, 29 U.S.C.A. 255(b), is not applicable to the eight employees because of the provisions of Section 8 of the same Act, 29 U.S.C.A. 257, since the action was commenced within one hundred and tenty days after May 14, 1947