447 F.2d 860
 Wayne W. HOUSER and Zelma Houser, his wife, doing business as Camelback Painting and Decorating Co., Appellants and Cross-Appellees,
v.
Louis E. MATSON et al., Appellees and Cross-Appellants.
 No. 25074.
 No. 25075.
 United States Court of Appeals, Ninth Circuit.
 August 23, 1971.
 Rehearings Denied September 23, 1971.
 
 1
 Charles Butler (argued), of Engdahl, Jerman, Butler & Estep, Phoenix, Ariz., for Houser and others.
 
 
 2
 Coit I. Hughes (argued), of Hughes & Hughes, Phoenix, Ariz., for Matson and others.
 
 
 3
 Before KOELSCH and ELY, Circuit Judges, and TAYLOR,* District Judge.
 
 FRED M. TAYLOR, District Judge:
 
 4
 These consolidated actions were brought by appellees and cross-appellants (employees) against appellants and cross-appellees (employer) under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover amounts allegedly due for overtime work performed during the years 1965 and 1966, together with liquidated damages and attorney's fees.
 
 
 5
 The district court had jurisdiction pursuant to 29 U.S.C.A. § 216(b) and 28 U.S.C.A. § 1337. This court has jurisdiction under 28 U.S.C.A. § 1291.
 
 
 6
 The trial court, after trial without a jury, found and concluded that the employees were employed in interstate commerce so as to require the employer to pay overtime under the provisions of the Fair Labor Standards Act; that the employer was not entitled to credit for alleged "premium" wages paid to employees; and that the employer's failure to pay overtime was wilful and not in good faith. Based on these findings and conclusions, the court awarded employees a judgment in various amounts for work performed during the year 1966, which findings and conclusions constitute the issues presented by employer for review by this court.
 
 
 7
 The trial court further found and concluded that there was insufficient evidence in regard to work performed by the employees at any given time in 1965 and denied any recovery for that year; also that employees were only entitled to recover a nominal attorney's fee in the sum of $1.00. Employees' cross-appeal is limited to the denial of the trial court to award overtime for the year 1965 and a reasonable attorney's fee.
 
 
 8
 Here, the employees' work was substantially that of painting, decorating, and repairing of facilities and furniture of large corporations unquestionably engaged in interstate commerce, e. g., General Electric, Mountain States Telephone, Airesearch (Garrett Corp.), Williams Air Force Base, and Motorola Corporation.
 
 
 9
 In determining whether employees are covered by the Act, the court must first look to the activities of the employees and not the business of the employer. If the activities of the employees are such that their work is directly related to the functioning of an instrumentality or facility of interstate commerce so as to be, in practical effect, a part of it, rather than an isolated local activity, then an employer who provides services to those engaged in interstate commerce is subject to the Act. Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959); Rural Fire Protection Co. v. Hepp, 366 F.2d 355 (9th Cir. 1966); General Electric Co. v. Porter, 208 F.2d 805 (9th Cir. 1953).
 
 
 10
 It is well established that the maintenance of a habitable building is essential to production of goods for interstate commerce, and activities of persons such as elevator operators, watchmen, carpenters, painters, and maintenance people are covered by the Act. Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942). Accordingly, there was no error in finding this employer within the coverage of the Act.
 
 
 11
 The employer contends that a "premium" wage was paid in excess of overtime, and thus no violation of the Act occurred, or alternatively, that even if the "premium" did not constitute overtime pay, the amount of the premium should be credited against the employer's liability. The evidence was in conflict as to whether the alleged "premium" pay was in fact a premium or was simply a part of the base pay to the employees. However, based on the evidence in the record, the trial court was justified in finding that the alleged "premium" pay was in fact only a part of the base pay of the employees, and that the employer not only knew that no premium was being paid, but that the parties had not contemplated any premium pay and considered the amount paid only as base pay.
 
 
 12
 Since the trial court was justified in finding that no "premium" was contemplated, or in fact paid, it was further justified in finding the employer acted wilfully in failing to pay overtime. Notwithstanding employer's protestations that there was no bad faith in the failure to pay overtime, this was a factual matter for the trial court to determine from the evidence. 29 U.S.C.A. § 260; Craig v. Far West Engineering Co., 265 F.2d 251 (9th Cir. 1959); Sturdivant v. Salt River Valley Water Users' Ass'n., 249 F.2d 944 (9th Cir. 1957). We believe the finding of bad faith was justified from the evidence in the record and that the trial court did not err in so finding and awarding liquidated damages for the year 1966.
 
 
 13
 The trial court denied employees compensation for time worked during 1965 because it did not believe employees had met their burden of proof so as to be entitled to such compensation.
 
 
 14
 In Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946), the court, in discussing the burden of proof of an employee seeking to recover wages for overtime, stated:
 
 
 15
 "In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."
 
 
 16
 After reviewing the exhibits and the testimony contained in the record, we are constrained to hold that the trial court erred in not awarding employees overtime compensation for the year 1965. We believe there is ample evidence in the record from which it can be "reasonably inferred" that employees not only worked overtime in 1965, but that the work was performed for an enterprise engaged in interstate commerce and that they were inadequately compensated therefor.
 
 
 17
 Since the trial court was justified in finding that the employer wilfully failed to pay overtime, the three year statute of limitations, as provided in 29 U.S.C.A. § 255(a) is applicable and recovery for 1965 is not barred by the statute of limitations.
 
 
 18
 The trial court, apparently fearing that employees' counsel would receive a double fee, awarded only a nominal attorney's fee of $1.00. See, Harrington v. Empire Construction Co., 167 F.2d 389 (4th Cir. 1948). While the court may have been desirous of preserving Congressional intent by preventing double payment of fees to counsel, the court nevertheless frustrated Congressional purpose by leaving the onus of counsel fees entirely upon the successful employees. Title 29 U.S.C.A. § 216(b) provides that an award of attorney's fee "shall" be made to the successful plaintiff. The award of an attorney's fee is mandatory, even though the amount of the award is within the discretion of the court. Bable v. T. W. Phillips Gas and Oil Co., 287 F.2d 21 (3rd Cir. 1961).
 
 
 19
 Here the record indicates that counsel for employees represented to the court that his 20% contingency fee would be reduced by the amount of any fee awarded by the court. Under such circumstances the attorney would not receive a double fee, and the employees would have their own liability ameliorated to the extent of the court's award, consistent with the policy of the Act. To award no fee, as was the practical effect here, is contrary to the Act and an abuse of discretion under the circumstances. On remand of this cause, the trial court shall reconsider the question of reasonable attorney's fee.
 
 
 20
 Remanded to the District Court for further proceedings not inconsistent with this opinion.
 
 
 
 Notes:
 
 
 *
 Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation