Anthony S. ROGERS, Plaintiff,

v.

FANSTEEL, INC., Defendant.

Civ. No. 79–74798.

United States District Court,
E. D. Michigan, S. D.

Dec. 14, 1981.

Karl R. Bennett, Jr., Southfield, Mich., for plaintiff.

Jerome R. Watson, Miller, Canfield, Paddock & Stone, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

The plaintiff, a former employee of the defendant, brought this action for damages for age discrimination under the provisions of the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 626(b). The Court ordered a bifurcated trial. A jury returned a verdict in favor of the plaintiff in the sum of $24,298 damages. Subsequently, the plaintiff was denied additional equitable relief. The only issue remaining to be determined prior to entry of final judgment is the plaintiff's entitlement to an amount of attorney fees.

■ The plaintiff's petition for attorney fees incorporates an affidavit that plaintiff's counsel has devoted 302½ hours in prosecution of the claim and asks for an attorney fee award of $100 per hour. The Court is satisfied that, applying the guidelines set forth in *Northcross v. Board of Ed. of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979), the $30,250 request is reasonable.

This determination, however, does not resolve the issue completely. At oral argument counsel for the plaintiff informed the Court that his contract of employment with his client provided for an attorney fee which would be a total of the following: A cash retainer of $2,500; one-third (⅓) of a money judgment; and whatever statutory attorney fee was awarded by the Court.

The net effect of this arrangement, if applied in this case, would be as follows. The total judgment for damages and attorney fees would be $30,250.00 plus $24,298.00, or $54,548.00. The plaintiff himself would receive two-thirds (⅔) of $24,298.00 less $2,500.00, or $13,698.66. Counsel would receive a total attorney fee of $40,849.33. As explained in *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 842 (3d Cir. 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978):

> "Section 216(b) of the Fair Labor Standards Act provides that in a suit by an employee the court 'shall in addition to any judgment awarded to the plaintiff or plaintiffs allow a reasonable attorney's fee to be paid by the defendant.' This provision is incorporated into the ADEA, 29 U.S.C. § 626(b). Consequently, attorneys' fees are to be awarded in age discrimination suits in which the employee prevails. *Brennan v. Ace Hardware Corp.*, 495 F.2d 368, 374 (8th Cir. 1974); *Monroe v. Penn-Dixie Cement Corp.*, 335 F.Supp. 231, 235 (N.D.Ga.1971); *cf. Stringfellow v. Monsanto Co.*, 320 F.Supp. 1175 (W.D.Ark.1970); Note, *Age Discrimination in Employment under Federal Law*, 9 Ga.St.B.J. 114, 127 (1972)."

Traditionally, attorney fees awarded under the Fair Labor Standards Act are merely a part of the judgment which the plaintiff recovers. *Ferraro v. Arthur M. Rosenberg Co.*, 156 F.2d 212 (2d Cir. 1946); *In re L. E. Elliott Brokerage Co.*, 48 F.Supp. 144 (D.Kan.1942). Certainly, a prime purpose in awarding attorney fees in a case of this kind is to enable the plaintiff to enjoy the full fruits of his judicial victory and, at the same time, adequately compensate his attorney, all at the expense of the age discriminating employer.

■ The Court has no authority to alter the contractual agreement between the plaintiff and his attorney. It does, however, have the discretion to deny an award of an attorney fee, the payment of which would not be consistent with the purposes of the statute authorizing the award.* Accordingly, an order denying the motion for attorney fees will be entered unless, within twenty (20) days from the entry of this Memorandum Opinion, the plaintiff and his attorney inform the Court that the fee contract has been modified to provide that the plaintiff's net recovery after the payment of all fees, including the attorney fee, will not be less than $24,298.00. In such a case, a judgment would be entered for the plaintiff in the sum of $24,298.00 as damages and $30,250.00 as an attorney fee award.

■ The plaintiff has also sought both pre-judgment and post-judgment interest in this case. The plaintiff invoked the jurisdiction of this court by asserting a claim under the ADEA, 29 U.S.C. § 626(b). The controlling statutory provision governing remedies in ADEA actions does not expressly provide for an award of prejudgment interest. *See* 29 U.S.C. § 216(b). The Sixth Circuit, however, has held that pre-judgment interest must be awarded in cases brought under Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), where an additional amount as liquidated damages has not been awarded. *McClanahan v. Mathews*, 440 F.2d 320, 326 (6th Cir. 1971). As is the case with most of the remedial rights available under the FLSA, this general rule regarding pre-judgment interest has been found to be applicable to actions brought under the ADEA. *Kelly v. American Standard, Inc.*, 640 F.2d 974, 982 (9th Cir. 1981).

Therefore, the plaintiff is entitled to the amount of pre-judgment interest requested, to be calculated in the following manner: Six percent (6%) per annum from December 19, 1979 until June 1, 1980, and twelve percent (12%) per annum compounded annually from June 1, 1980 until the date of the entry of judgment.

■ With respect to post-judgment interest, 28 U.S.C. § 1961 provides in relevant part that "[i]nterest shall be allowed on any judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate allowed by state law." The rate of post-judgment interest allowed under Michigan law, and the rate that will be awarded in this case, is twelve percent (12%) compounded annually. Mich.Comp. Laws Ann. § 600.6013 (Supp. 1981–82).

An appropriate order will enter.

---

* The trial court in *Houser v. Matson*, 447 F.2d 860 (9th Cir. 1971), also recognized the inherent inconsistency in permitting an attorney to recover a double fee in FLSA cases. While the Court of Appeals for the Ninth Circuit reversed the trial court's decision to award only $1.00 in attorney fees, this ruling was based upon a factual determination that the attorney in *Houser* would not, contrary to the trial court's belief, enjoy a double recovery of attorney fees. *Id.* 863–64. The court did not rule on the propriety of a nominal fee award where an attorney fee award would, by virtue of the fee agreement entered into between the plaintiff and his attorney enable the attorney to recover a double fee.