**WILLIAMSON, Appellee,**

**v.**

**BELOVICH, Appellant.**

[Cite as *Williamson v. Belovich* (1993), 84 Ohio App.3d 628.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–068.

Decided Feb. 12, 1993.

*R. Michael Frank* and *Paul Belazis,* for appellee.

*Robert F. Belovich, pro se.*

---

SHERCK, Judge.

This is an appeal from an order of the Lucas County Court of Common Pleas which granted summary judgment against an attorney in a fee dispute. Because we find that appellee was not entitled to judgment as a matter of law and questions of material fact remain, we reverse the trial court's judgment.

Appellee is Louis W. Williamson. In 1978 appellee was discharged from his position as a corporate pilot with a Toledo company. Prior to his discharge, appellee's employer referred him to an alcohol treatment center where he was diagnosed as an alcoholic. As a result of this diagnosis, the Federal Aviation Administration refused to renew Williamson's airman medical certificate. The denial of this certificate precluded appellee's continued employment as a commercial pilot.

Appellee consulted with appellant, Robert F. Belovich, an attorney familiar with aviation law. Appellant represented appellee before administrative tribunals in an effort to secure the reinstatement of appellee's medical certificate. Additionally, appellant represented appellee in a defamation lawsuit which appellee brought against the treatment center that diagnosed appellee as an alcoholic. Appellant also represented appellee in age discrimination suits brought against appellee's former employer in both state and federal courts.

In 1980 appellee and appellant entered into a contingency fee agreement. Appellee agreed to pay forty percent of "whatever is recovered" and costs in the defamation and discrimination suits. Appellant agreed to deduct previously paid professional fees from the contingency amount and if any judgment contained attorney fees, to "prorate that amount against our * * * forty percent professional fee."

Appellee's efforts to reinstate appellee's airman medical certificate were successful. Appellee's defamation suit, however, resulted in a summary judgment against him; his appeal on this matter to the United States Eighth Circuit Court of Appeals was unsuccessful.

Appellee's age discrimination suit, nevertheless, resulted in a jury verdict in his favor, but a motion by his former employer for a judgment notwithstanding the verdict was sustained by the trial court. That decision was appealed to the United States Sixth Circuit Court of Appeals, which reversed the trial court's grant of the judgment notwithstanding the verdict and ordered a new trial.

On remand appellee was again successful. The jury returned a verdict in his favor in the amount of $257,000. Appellee then moved for statutory attorney fees in the amount of $188,000. Appellee's former employer then moved for a new trial which was denied, and the former employer appealed. The appeal by appellee's former employer was settled at a Sixth Circuit Court of Appeals conference when the employer agreed to dismiss its appeal, pay the jury's award with interest, and pay attorney fees in the amount of $85,000.

The suit underlying the appeal to this court is a dispute between the parties over the amount of the proceeds of the age discrimination suit that was retained by appellant. It is undisputed that the total proceeds of the age discrimination suit, including postjudgment interest and the agreed-upon attorney fees, was $348,357.26. Appellant retained total payments from the proceeds of the suit and the fees previously paid by appellee in the amount of $195,546.71. Appellant asserts that he is entitled to (1) fifty percent of the total proceeds ($174,178.63) [1]; (2) $3,013.75 in fees for the unsuccessful appeal of the defamation suit; and (3) $23,788.97 in related expenses.[2] Appellant, therefore, maintains that he is entitled to total fees and expenses in the amount of $200,981.35. Since the amount he has retained from the total proceeds of the age discrimination suit is $195,546.71, appellant argues that appellee owes him $5,434.64.

Appellee's position is that to permit appellant to take a fifty percent contingency share of the statutorily awarded attorney fees is contrary to the fee agreement and contrary to law. Appellee contends that the full $85,000 awarded as attorney fees should be used as a setoff against appellant's contingency fee. On this basis appellee moved for summary judgment in the amount of $37,038.37.[3] On January 31, 1992, the trial court granted appellee's motion. From this judgment appellant timely appealed, citing the following assignment of error:

---

**1.** Appellant contends the forty-percent contingency fee was amended to fifty percent when a second trial on the age discrimination issue was required. For purposes of his summary judgment motion only, appellee concedes this point.

**2.** Appellee contests both the defamation appeal costs and the accuracy of certain expenses but appears, at least *sub silentio,* to concede these figures to appellant for purposes of summary judgment.

**3.** We are aware that there is a discrepancy between one-half of $85,000 and the disparity between the claims of the parties. For our purposes we need not audit the computations submitted.

"The trial court erred in granting plaintiff's motion for summary judgment."

In order to sustain a trial court's issuance of summary judgment, three factors must be demonstrated:

"(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, *Johnson v. New London* (1988), 36 Ohio St.3d 60, 61, 521 N.E.2d 793, 794.

This court has consistently held that motions for summary judgment should be granted with caution to protect the nonmovant's right to trial. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 14–15, 13 OBR 8, 15–17, 467 N.E.2d 1378, 1386–1387. See, also, *Bowlds v. Smith* (1961), 114 Ohio App. 21, 29, 18 O.O.2d 305, 309, 180 N.E.2d 184, 189.

Appellee, in his motion for summary judgment, argued to the trial court that to permit appellant to take fifty percent of the statutory attorney fees is (1) to allow excessive fees, (2) contrary to the parties' fee agreement, (3) not permitted by law, and (4) contrary to appellant's representations to the federal district court when requesting statutory fees.

We note at the outset of our analysis that the trial court made a specific finding that a fifty percent fee agreement was not excessive. We also note that there is a factual dispute between the affidavits of the parties as to whether the original written contingent fee agreement was later modified and, if so, the terms of that modification. Further, appellant's presentments to the federal court and any interpretations to be derived therefrom are, at best, evidence of the intentions of the parties and not dispositive of any issue. Therefore, in our opinion, appellee may prevail on summary judgment if, and only if, federal law prohibits, under all circumstances, an attorney and his client from sharing statutorily awarded attorney fees granted under the relevant provision of the federal Age Discrimination in Employment Act ("ADEA"), Section 626(b), Title 29, U.S.Code.[4]

---

**4.** The parties have devoted substantial effort, both before the trial court and here, arguing about whether the fact that the amount of attorney fees was determined by settlement or was awarded by the federal court affects the character of this award. We conclude that the character of the award is the same irrespective of the manner of its derivation. We should note, however, that by settling the amount of fees, the federal courts supervisory authority over the fees issue was unnecessary, so the issue of the reasonableness of the client-attorney fee agreement never arose at the forum best equipped to judge that agreement.

The trial court, in granting appellee summary judgment, determined that such a fee agreement was repugnant to federal law based upon three cases. In *Wilmington v. J.I. Case Co.* (C.A.8, 1986), 793 F.2d 909, a case which dealt not with the ADEA but with civil rights litigation fees under Section 1988, Title 42, U.S.Code, a federal court of appeals modified a district court's decision to award an attorney Section 1988 fees in addition to his contingent fee when the contingent fee agreement failed to state whether or not the statutorily awarded attorney fees should be applied to reduce the amount due him on contingency. The court stated:

" * * * [W]e do not believe that the award of fees under section 1988 should circumscribe the amount attorneys may recover by limiting compensation to the statutory award regardless of other arrangements with the client. To our minds, to limit attorney compensation in that manner would be an unwarranted interference with a private contract. As the Eleventh Circuit has observed, a contingent fee contract represents the client's and the attorney's notions of a reasonable fee * * *, [b]ut to avoid a windfall for Wilmington's counsel, we order that the statutory award be modified to provide that it shall be applied toward the amount due Wilmington's attorneys under the contingent fee agreement, not in addition to the amount due under that agreement." *Id.* at 923.

In *Houser v. Matson* (C.A.9, 1971), 447 F.2d 860, a federal court of appeals reversed a trial court's award of a $1 attorney fee in an ADEA action because the trial court believed a more than nominal award would lead to double payment for the attorney. The appeals court held that an award of attorney fees is mandatory under Section 216(b), Title 29, U.S.Code. In dicta, the court stated that it was "consistent with the policy of the Act" that an attorney not receive a double fee. *Id.* at 863.

In *Rogers v. Fansteel, Inc.* (E.D.Mich.1981), 533 F.Supp. 100, an attorney told the trial court that his fee for prosecution of a successful ADEA case would be the retention of a cash retainer, one-third of the money judgment, and whatever statutory fee was awarded by the court. The court apparently found this arrangement unreasonable. To remedy this, the court issued an order in the nature of a remittitur. The court recognized that it has "no authority to alter the contractual agreement between the plaintiff and his attorney. It does, however, have the discretion to deny an award of an attorney fee, the payment of which would not be consistent with the purposes of the statute authorizing the award." *Id.* at 102. Accordingly, the court stayed issuance of an order denying plaintiff attorney fees for twenty days pending a renegotiation between plaintiff and his attorney of a more reasonable fee agreement.

A careful reading of the cases relied upon by the trial court simply fails to support the conclusion that appellant's contract to take fifty percent of all

proceeds, including statutory attorney fees, is repugnant to federal law. A federal court does have a right, and even a duty, to examine the attorney fees of a successful ADEA plaintiff for reasonableness. *Duke v. Uniroyal, Inc.* (C.A.4, 1991), 928 F.2d 1413, 1425. However, as both the *Wilmington* court and the *Rogers* court stated, federal courts are not authorized to interfere with the contractual arrangements between an attorney and his client. We find no authority in the cases relied upon by the court, by the appellee, or in our own research that would hold *per se* that a contingent fee arrangement may not apply to a percentage of all sums recovered, including statutory attorney fees. Accord *Venegas v. Mitchell* (1990), 495 U.S. 82, 89–90, 110 S.Ct. 1679, 1683–1684, 109 L.Ed.2d 74, 83–84.

Having been unable to identify a federal rule precluding the type of fee arrangement appellant asserts he had with appellee, we must conclude that appellee was not entitled to judgment as a matter of law. Therefore, the trial court erred in granting summary judgment to him. Accordingly, appellant's single assignment of error is found well taken.

*Judgment reversed*
*and cause remanded.*

HANDWORK and ABOOD, JJ., concur.