## PETER PETROFSKY
### vs.
## FREDERICK E. TOQUET, ET ALS.

Superior Court       Fairfield County          File #53153

Present:   Hon. EDWIN C. DICKENSON, Judge.

Cullinan & Coles,            Attorneys for the Plaintiff.

Harry Schwartz,              Attorney for the Defendants.

## MEMORANDUM FILED JUNE 12, 1937.

DICKENSON, J.   On the 4th day of August, 1933, the plaintiff appeared before an assistant city clerk of the City of Bridgeport and took an oath of office as a member of the Board of Appeals on Zoning, which oath was recorded in the "Oath" book of the City Clerk's office.

The plaintiff at once took up the duties of a member of the Board and attended substantially all, if not all, of the meetings of the Board, for over three years.

Members of the Board of Appeals are elected by the Zoning Commission and in the Spring of 1937 it was discovered that the minutes of the Commission contained no record of the election of the plaintiff.   When the matter was called to the attention of the city attorney he advised the Commission that the plaintiff was not a member of the Board of Appeals and that the office was vacant.   The plaintiff has brought this suit asking for a declaratory judgment that he is a legally elected member.   The defendants in a cross-complaint ask such a

judgment declaring he is not a member and that the office is vacant.

At the time of the claimed election of the plaintiff the Zoning Commission was composed of five members as follows: Messrs. Ives, Locke, Toquet, Levy and Greenspun. Mr. Ives, the chairman, has since died. It is the testimony of Mr. Greenspun that about the 1st of August 1933, he was notified of a meeting to be held by the Commission the following day for the purpose of filling a vacancy in the Board of Appeals of long standing; that on the day set he met with Messrs. Ives, Locke and Toquet in the council chamber of the city, their customary meeting place; that Chairman Ives stated he had been asked to bring up the name of Mr. Petrofsky for election to the Board of Appeals by the mayor of the city, Mr. Buckingham; and that Mr. Petrofsky was then elected by a unanimous vote a member of that Board.

The defendants offered evidence that Mr. Toquet was the Secretary of the Commission and in charge of the minute books and that no record of the election or of the meeting at which it was claimed to have taken place appeared in the minutes. Mr. Toquet has testified that he was never present at a meeting when Mr. Petrofsky was elected or his name discussed; and that there was little contact between the Com- mission and the Board and he had not "given it a thought" from 1933 to 1936, what the personnel of the Board was.

The testimony of the Messrs. Locke and Levy is substan- tially the same.

The evidence discloses that the meetings of the Commission were called when the need arose by the chairman, were more or less informal and that no notice of them was published except when they related to hearings. The minutes were writ- ten up at the direction of the secretary, Mr. Toquet.

In this situation it seems unnecessary to cite authority for the position that if the plaintiff was in fact elected the failure of the secretary to record the fact would not nullify the action of the Commission.

To the Court is presented the common and ancient contrast of positive and negative testimony. Mr. Greenspun has a definite recollection of the vote with a better reason for re- membering it because the plaintiff was a friend of his. The other members of the Commission did not know Mr. Petrofsky

and while they state they were not present at a meeting when he was elected their testimony has left the impression that because of its informality, its shortness and its apparent unimportance to them it would not particularly register in their memories. Admittedly the members were on good terms and no motive has been shown for one to take advantage of the others.

Taking into consideration the undisputed fact of the service of the plaintiff on the Board for a long period, the record of his oath and the positive and apparently honest testimony of Mr. Greenspun the conclusion is reached that the plaintiff was elected and is a member of the Board of Appeals on Zoning and it is so declared.