GEORGE MULLIGAN ET AL. *v.* HOWARD S. GOODRICH ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 153393

Memorandum filed September 9, 1968

*Gersten, Butler & Gersten,* of Hartford, for the plaintiffs.

*Regnier, Moller & Taylor,* of Hartford, for the defendants.

PARSKEY, J. Defendants have filed a motion that the plaintiff George Mulligan be required to submit to a physical examination by William B. Scoville, a physician. Although both plaintiffs have filed an objection to such examination, the court will dispose of the defendants' motion on the basis of the objection filed by the plaintiff George Mulligan. At the hearing on the motion the defendants, while asserting the propriety of the examination in aid of their defense, made no showing that Scoville was the only qualified physician available for the purpose, and the plaintiff George Mulligan, while indicating a willingness to be examined by a number of qualified physicians other than Scoville, made no showing that Scoville was not qualified to conduct the requested examination. The narrow issue presented by the defendants' motion in this posture is whether the court has any authority, discretionary or otherwise, to grant the present motion over the plaintiff George Mulligan's objection.

Section 52-178a of the General Statutes provides: "In any action to recover damages for personal injuries the court or judge may order the plaintiff to submit to a physical examination by one or more physicians or surgeons. No party shall be compelled to undergo a physical examination by any physician to whom he objects in writing submitted to such court or judge." This statute is in two parts. The first part gives the court discretionary authority to order a medical examination; the second part gives the plaintiff the privilege to refuse an examination by a particular doctor. It is contended that despite the plain language of the second part the

court nevertheless has the discretionary authority to order a specific examination over the plaintiff's objection and that in any event the plaintiff can challenge a particular doctor only for cause.

Judicial discretion means " 'a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates.' " *Hammerberg* v. *Leinert,* 132 Conn. 596, 604. Where a matter is addressed to a court's discretion, the judicial authority is so broad that the exercise of discretion will not be interfered with on appeal except in a case of manifest abuse and where injustice appears to have been done. *Hayward* v. *Plant,* 98 Conn. 374, 382. It is in the light of this definition that one must consider the statute in question. The language of the first sentence speaks in discretionary terms. The language of the second sentence speaks in terms of prohibition. If despite the second sentence the court has broad discretion to grant or deny a particular medical examination, then the second sentence neither adds nor detracts from the discretionary authority already contained in the first sentence. The second sentence thus becomes superfluous. Since it is a cardinal rule of statutory construction that, if possible, no part of a legislative enactment is to be treated as insignificant and unnecessary: *McAdams* v. *Barbieri,* 143 Conn. 405, 419; it follows that the thrust of the second sentence is to eliminate discretion in those instances where a plaintiff interposes a written objection to a particular physician.

The defendants urge further that even if the court lacks discretion in the face of an objection the plaintiff must nevertheless show a sound basis for his

objection to a particular physician. Although the defendants use the phrase "good faith," what they really mean is good cause. Good faith means " '[a]n honest intention to abstain from taking an unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious.' " *Snyder* v. *Reshenk,* 131 Conn. 252, 257. At the oral argument, the defendants made no claim nor showing that the plaintiff George Mulligan was not honestly motivated in objecting to Scoville. The court, therefore, need not consider whether good faith is implicit in § 52-178a. Good cause, on the other hand, means "[s]ubstantial reason, one that affords a legal excuse. . . . Legally sufficient ground or reason." Black, Law Dictionary (4th Ed.). Had the legislature desired to make good cause an essential part of a plaintiff's objection, it does not lack the technical skills to have so stated. In the absence of appropriate language and in the face of language that is clear, precise and unequivocal, this court is not inclined "to smuggle in . . . muffled words"; *Davis* v. *Pringle,* 268 U.S. 315, 318; even to attain what the defendants believe to be a desirable result.

Applying § 52-178a to the present case, it appears from the oral argument that a wide range of qualified physicians who theretofore have examined for defendants are acceptable to the plaintiff George Mulligan. Under these circumstances, the court lacks the authority to compel him to submit to a physical examination by Scoville.

Accordingly, the defendants' motion is denied.