[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTION FOR PHYSICAL EXAMINATION
The defendant has filed a motion for the physical examination of the plaintiff. In accordance with Section 229 of the Connecticut Practice Book the motion specifies ". . . the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made." In his written objection to this motion plaintiff asserts that the physician chosen by the defendant has testified extensively for the defense of personal injury cases, and the plaintiff proffered a list of names of three (3) physicians any one of whom would be acceptable. The defendant counters that the use of a physician from plaintiff's list would favor the plaintiff's bar. Plaintiff cites with emphasis Connecticut General Statutes Section 52-178a which states:
 In any action to recover damages for personal injuries, the court or judge may order the plaintiff to submit to a physical examination by one or more physicians or surgeons. No party may be compelled to undergo a physical examination by any physician to whom he objects in writing submitted to the court or judge.
This court is persuaded by the logic used by Judge Parsky in his opinion in Mulligan v. Goodrich, 28 Conn. Sup. 11
(1968) which addresses the application of Connecticut General Statutes Section 52-178a. Judge Parsky notes that the statute contains two parts — the first part giving the court discretion to order a medical examination, and the second part giving ". . .the plaintiff the privilege to refuse an examination by a particular doctor." Id. at 12. As in Mulligan, supra, this court views the second sentence as not superfluous.
 Since it is a cardinal rule of statutory construction that, if possible, no part of a legislative enactment is to be treated as insignificant and unnecessary (citation omitted); it follows that the thrust of the second sentence is to eliminate discretion in those CT Page 2727 instances where a plaintiff interposes a written objection to a particular physician.
Id. at 13. [Emphasis added].
The language of the second sentence of the statute is clear and unequivocal.
For the foregoing reason, the plaintiff's objection is sustained at this time. However, this court is of the opinion that the parties should be able to agree upon one or more physicians who can conduct a physical examination of the plaintiff.
Accordingly, the court orders the parties to confer on more than one occasion, if need be, for the purpose of identifying one or more physicians who can conduct the aforesaid examination. Furthermore, the Court orders that within thirty dates hereof the parties file with this court a report stating the places and dates of the conferences as well as the results of said conferences.
CLARANCE J. JONES, JUDGE.
CT Page 2727