[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION ON PLAINTIFF'S OBJECTION TO DEFENDANT'S REQUEST FOR MEDICAL EXAMINATION
This is a negligence action in which the plaintiff claims damages for personal injuries sustained in a motor vehicle accident. CT Page 4293
The defendant requested that the plaintiff undergo an independent, medical, examination pursuant to Practice Book, Section 229 to be conducted by Dr. Edward Powers in Hartford. Pursuant to Section 229 the plaintiff objected to the defendant's request and agreed to an examination by one of eleven qualified orthopedic surgeons practicing in New London county.
The plaintiff's objection was sustained from the bench and the defendant has moved for an articulation of the court's decision.
General Statutes Section 52-178a provides:
 In any action to recover damages for personal injuries, the court or judge may order the plaintiff to submit to a physical examination by one or more physicians or surgeons. No party may be compelled to undergo a physical examination by any physician to whom he objects in writing submitted to the court or judge.
(Emphasis added.) See also Practice Book Section 229.
In Mulligan v. Goodrich, 28 Conn. Sup. 11 (1968), the issue was whether the court had authority to grant the defendant's motion that the plaintiff submit to a physical examination by a particular physician, where the plaintiff had filed a written objection and indicated a willingness to be examined by several other qualified physicians. The court initially noted that Section 52-278a was in two parts. "The first part gives the court discretionary authority to order a medical examination; the second part gives the plaintiff the privilege to refuse an examination by a particular doctor." Id., 12. The court continued by stating at page 13:
 If despite the second sentence the court has broad discretion to grant or deny a particular medical examination, then the second sentence neither adds nor detracts from the discretionary authority already contained in, the first sentence. The second sentence thus becomes superfluous. Since it is a cardinal rule of statutory construction that, if possible, no part of a legislative enactment is to be treated as insignificant and unnecessary; McAdams v. Barbeiri [Barbieri], 143 Conn. 405, 419; it CT Page 4294 follows that the thrust of the second sentence is to eliminate discretion in those instances where a plaintiff interposes a written objection to a particular physician.
(Emphasis added.)
Other courts have held that the court has "inherent discretion to decide whether the objection to an examination was reasonable and should be sustained." LeBlanc v. Cambo, 26. Conn. Sup. 338, 341 (1966); see also Fabozzi v. National Railroad Passenger Corp., 3 CSCR 899 (December 5, 1988, Corradino, J.).
In the present case, the plaintiff's agreement to submit to an examination by any one of eleven qualified orthopedic surgeons practicing at New London County rather than an examination by one orthopedic surgeon practicing in Hartford County is reasonable and is sustained on that basis.
HENDEL, J.