[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marion Miller, has filed an objection to the defendant's Request for Medical Examination, filed on March 9, 1994, seeking examination by Dr. Robert Hendrickson. Connecticut Practice Book 229 provides that "No plaintiff shall be compelled to undergo a physical examination by any physician to whom he objects in writing." The court, however, has inherent discretion to decide whether the objection is reasonable and should be sustained. Leblanc v. Cambo, 26 Conn. Sup. 338, (1966), but see Mulligan v. Goodrich, 28 Conn. Sup. 11, 14
(1968).
The defendant has a "due process right to defend [its] property from a recovery of damages by the plaintiff by taking reasonable steps to ascertain the nature and extent of the plaintiff's injuries. In the context of one adversarial system which seeks the truth in a contest before a trier, such reasonable means allows the defendant to use [its] own experts to ascertain the nature and extent of the plaintiff's injuries which arise because of the plaintiff's injuries which arise because of an accident for which the defendant maybe responsible." Pinto v. Walter, 5 CSCR 159 (March 5, 1990 McDonald, J.)
Here, plaintiff's counsel objects to an examination by Dr. Hendrickson because in counsel's opinion, the doctor often does examinations for the defendant. Given the purpose of the examination and the adversarial role of counsel, fairness and reason require the court to overrule the plaintiff's objection.
/s/ McDonald, J. McDONALD CT Page 4067