[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR ARTICULATION
Issue
This action arises from the alleged assault upon the former employee of the plaintiff by the defendant. The employee made a workers' compensation claim which was paid by the plaintiff. The plaintiff now brings this action against the defendant for reimbursement under the Workers' Compensation Act. The defendant served a request upon the plaintiff to produce the former employee for examination pursuant to Practice Book § 229. The plaintiff objected to the request claiming that it does not have the legal ability to compel the former employee's attendance at the requested examination. General Statutes § 31-294f(a) of the Workers' Compensation Act gives an employer the power to compel an employee collecting or claiming benefits under the Act to submit at any time to a reasonable request for a medical examination. Therefore, if the former employee continues tocollect workers' compensation from the plaintiff, the plaintiff has the requisite "legal control" to compel the former employee to submit to the requested examination within the meaning of § 229. CT Page 1313
Facts
The plaintiff, Boardsen Associates, commenced this action by filing a complaint in four counts against the defendant, Joseph T. O'Neil, on June 8, 1992. The complaint alleges that on June 5, 1990, Deidre Smith, an employee of the plaintiff, was conducting traffic at a construction site on Route 2 in Pawcatuck, Connecticut, within the scope of her employment with the plaintiff, that the defendant was a passenger in a cab stopped in traffic on Route 2, and that the defendant got out of the cab and proceeded to verbally and physically assault Smith, causing her significant injury. Smith subsequently filed a workers' compensation claim, which was paid by the plaintiff. The plaintiff now seeks reimbursement from the defendant pursuant to General Statutes § 31-293 of the Workers Compensation Act. Count one of the complaint sounds in assault and battery, count two sounds in negligent assault and battery, and counts three and four sound in intentional and negligent infliction of emotional distress, respectively.
The defendant filed an answer with two special defenses on December 17, 1992. The first special defense asserts that the defendant's actions were the result of an unexpected posttraumatic stress-disorder, and is directed to counts one and three of the complaint. The second special defense is directed at counts two and four and asserts the same defense. The plaintiff filed a reply to the defendant's special defenses on January 23, 1993.
On May 12, 1993, Smith filed a motion to intervene. The defendant filed an objection to the motion on May 25, 1993, which was sustained by the court, Hendel, J., on June 14, 1993. A motion to reargue was filed by Smith on June 28, 1993. After considering briefs submitted by the parties, the court, Hendel, J., by memorandum decision (#124) dated December 10, 1993, sustained its prior ruling.
Prior to this, on or about October 11, 1993, and again on October 14, 1993, the defendant served a total of four requests upon the plaintiff to produce Smith for physical examination. The plaintiff filed an objection to the requests (#123) on October 25, 1993. The court, Austin, J., heard arguments on the issue and afforded the parties the option of submitting briefs. The defendant submitted briefs on October 25 and November 6, 1995. CT Page 1314 The plaintiff did not submit a brief on the matter. Subsequently, the plaintiff's objection was sustained by the court, Austin, J's., endorsement of the plaintiff's objection on November 11, 1995.[1] The defendant filed a notice of reservation of right to appeal on November 22, 1995. Finally, on December 14, 1995, the defendant filed the present motion for articulation (#134) of the court's November 11, 1995, order sustaining the plaintiff's objection to its request for physical examination.
Discussion
The defendant's argument that it can compel the plaintiff to produce Smith, a nonemployee and a nonparty to this action, for a physical examination is based on the unique legal situation created by the facts of this case, which bring into play both Practice Book § 229 and C.G.S. § 31-294f(a) of the Workers Compensation Act. Section 229 provides in pertinent part:
 In any civil action . . . where the court finds it reasonably probable that evidence outside the record will be required, in which the mental or physical condition of a party, or of a person in the custody of or under the legal control of a party, is material to the prosecution or defense of said action, the court may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control.
(Emphasis added.). Section 294f(a) states:
 An injured employee shall submit [herself] to examination by a reputable practicing physician or surgeon, at any time while claiming or receiving compensation, upon the reasonable request of the employer or at the direction of the commissioner. The examination shall be performed to determine the nature of the injury and the incapacity resulting from the injury. The physician or surgeon shall be selected by the employer from an approved list of physicians and surgeons prepared by the chairman of the Workers' Compensation Commission and shall be paid by the employer. . . . The employee shall submit to all other physical examinations as required by this chapter. The refusal of an injured employee to submit himself to a reasonable CT Page 1315 examination under this section shall suspend [her] right to compensation during such refusal.
(Emphasis added.). The defendant argues that, since Smith has a continuing workers' compensation claim with the plaintiff, the language of § 294f(a) furnishes the plaintiff with the requisite "legal control" over Smith to compel her to submit to a physical examination pursuant to § 229.
The plaintiff has propounded four objections to the defendant's request: (1) that Smith is no longer in the plaintiff's employ, therefore, it has no power to compel her to submit to the examination; (2) that the plaintiff does not exercise legal custody or control over Smith within the meaning of § 229; (3) that four medical examinations by four different doctors is overbroad and burdensome, citing Lombardov. Holdridge, 40 Conn. Sup. 265, 491 A.2d 1125 (1985); and (4) that to require the plaintiff to travel to three diverse areas of Connecticut for these examinations is unreasonable.
The court has been able to find no Connecticut case wherein the propriety of compelling a nonparty to submit to a request for physical examination pursuant to Practice Book § 229 by requiring the party served with the request to exercise rights bestowed upon it by General Statutes § 31-294f(a) has been addressed. The court, however, believes that the defendant's argument, though novel, does have merit. The plaintiff cannot physically force Smith to produce her person for physical examination. If Smith should choose not to adhere to the plaintiff's request, however, she would do so at the peril of the plaintiff's right to suspend her workers' compensation benefits. § 294f(a). Further, in light of the voluminous amount of testimony and information to be expected from the army of expert witnesses disclosed by the plaintiff, eight representing five different specialties, it would seem almost fundamentally unfair to deny the defendant the opportunity to have its experts examine Smith. "The defendant has a due process right to defend [its] property from a recovery of damages by the plaintiff by taking reasonable steps to ascertain the nature and extent of the plaintiff's injuries. In the context of an adversarial system which seeks the truth in a contest before a trier, such reasonable means allows the defendant to use [its] own experts to ascertain the nature and extent of the plaintiff's injuries which arise because of an accident for which the defendant may be responsible." (Alterations in original, internal quotation marks CT Page 1316 omitted.) Miller v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 09 75 60 (April 18, 1994, McDonald, J., 9 CSCR 491). Therefore, the court may find that by virtue of § 294f(a) the plaintiff has the requisite "legal control" over Smith to compel her to submit to a physical examination. It follows that, the plaintiff should be ordered to oblige the defendant's requests for physical examination by demanding Smith to appear pursuant to § 294f(a).
A further issue that could arise is that of the right of the defendant to subject Smith to physiological testing, or the like. The plaintiff has disclosed a neuropsychologist and psychologist as witnesses intended to testify as to the emotional effects of the alleged assault and battery committed upon Smith by the defendant. It cannot be ascertained from the defendant's request, however, whether any of the experts named therein are of either of these learned professions. On the assumption that one of them is of the psychological or neuropsychological profession, however, the court may also order the plaintiff to produce Smith for a mental examination by the defendant's experts if so requested. Van Dusen v. Macaulay, Superior Court, judicial district of Hartford-New Britain, at Hartford, Docket No. 39 07 34 (April 13, 1994, Sheldon, J., ___ CSCR ___). In the interest of Smith's privacy, however, any such examination should be strictly limited in scope to issues pertinent to this litigation. Id.
A related issue that should be anticipatorily disposed of is that of which of the parties to the present action shall bear the costs of the proposed medical examinations. The employer is required to bear the costs of medical examinations requested pursuant to § 294f(a). On the other hand, a medical examination ordered pursuant to § 229 is granted "at the expense of the requesting party." Since it is the defendant's request pursuant to § 229 that is the true catalyst in the present matter, the defendant should bear the costs of the requested examinations. Therefore, the defendant should be required to either reimburse the plaintiff for any of the costs it might incur in obtaining Smith's presence for the medical examinations, or, to the same effect, the defendant should be required to pay the costs directly. § 229.
A second related issue to be anticipated is that of the conflicting rights of the relevant parties to decide what physicians shall perform the examinations. Section 229 states in CT Page 1317 pertinent part that the "[requesting party] shall specify . . . the person or persons by whom [the examination] is to be made. . . ." Section § 229 goes further, however, to state that, "[n]o plaintiff shall be compelled to undergo a physical examination by any physician to whom [she] objects in writing." On the other hand, § 294f(a) states in pertinent part that "[t]he physician . . . shall be selected by the employer from an approved list of physicians . . ." Therefore, if applied literally to the present case, § 229 and § 294f(a) would grant the plaintiff and defendant conflicting rights to choose by whom the examinations of Smith are to be performed. In the present case, however, though the plaintiff may be compelled to exercise its authority pursuant to § 294f(a) to compel Smith to submit to the requested examinations, it is because of the defendant's request and solely for the defendant's benefit that the plaintiff is being required to exercise those rights. § 229. Therefore, the court finds that the provisions of § 229 shall control in the present action. It would follow that the defendant should be given the right to select the experts who will examine Smith. Further, Smith, either directly or through the plaintiff, retains the right to object in writing to being examined by any particular physician under the provisions § 229, whereas no such right is provided under the Workers' Compensation Act. See § 294f(a).
The plaintiff also contends that requesting four separate examinations is unduly burdensome. The plaintiff, however, has disclosed eight expert witnesses representing five different learned professions — three physicians, two dentists, a maxillofacial surgeon, a neuropsychologist, and a psychologist. In this light, it does not seem at all unreasonable for the defendant to request examinations to be allowed by four different experts, presumably each in a different learned profession.Miller v. City of Waterbury, supra. Therefore, the defendant's four requests for examination are not unduly burdensome. Id.
The plaintiff further objects to the defendant's request on the grounds that it is unreasonable to request Smith to travel to three different and diverse locations within Connecticut, specifically Groton, Hartford, and Bridgeport, in order that these examination may be performed. "[Connecticut courts] have consistently held that reasonableness is a question of fact . . . to [be] determin[ed] based on all of the circumstances."Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 579,___ A.2d ___ (1995). Information in the record indicates that CT Page 1318 Smith lives in Westerly, Rhode Island. To require Smith to travel to Groton, only about one-half hour travel time from Westerly, surely appears to be within reason. Id. A trip from Westerly to Hartford, where two of the defendant's experts are located, probably about one and one-half hours travel time from Westerly, also does not seem to be wholly unreasonable. Id. In fact, two of the experts disclosed by the plaintiff, who presumably have examined Smith, are located in Plainville and Simsbury, Connecticut. Both of these cities are at least one-half hour farther away from Westerly than is Hartford.[2] Therefore, the court finds that it is not unreasonable to require Smith to travel to either Groton or Hartford, Connecticut, for the three examinations requested at these locations. Id. One of the experts named by the defendant is located in Bridgeport, however, which is nearly at the opposite end of Connecticut from Westerly, Rhode Island. Requiring Smith to travel all the way to Bridgeport, probably well over two hours travel time one way, might be somewhat unreasonable. Id. Therefore, as to this examination, the court requires the defendant either to find a closer expert in the same field or to arrange for the examination to take place at a more neutral location. Id.
Conclusion
The court, having further reflected upon the matter, having again visited the Practice Book, any relevant statutes and such cases as appear relevant, and mindful of the fact that the defendant's briefs were not in the file available to the court until after November 11, 1995, the court reverses it earlier sustaining of the plaintiff's objection and grants the defendant's request for physical examination subject, however, to the rights, terms and conditions noted in the memorandum.
Any objections to this memorandum by the plaintiff may be promptly docketed and heard at the further convenience of the court.
Austin, J.