[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO COMPEL
The defendant filed a Motion to Compel dated June 15, 2000 for an order compelling the plaintiff to attend a medical examination at the office of one of the three medical doctors requested by the defendant. Plaintiff has objected to all of the doctors proposed by the defendant to perform a medical examination of the plaintiff. This Court initially denied the Motion to Compel on July 7, 2000, but on August 1, 2000 this Court for various reasons that are on the record granted the defendant's Motion to Reargue the said Motion to Compel. A hearing was held before this Court on August 29, 2000 for the purpose of rearguing the defendant's Motion to Compel.
The Court has listened to arguments of counsel, reviewed their memoranda and the cases cited specifically, Wallace v. Commerce Prop.,Inc., Alander, J. dated November 24, 1999, Privee v. Burns, Blue, J. dated June 1, 1999, Miller v. City of Waterbury, McDonald, J. dated April 18, 1994, and Supron v. Nardelli, Robinson, J. dated January 11, 1999. The issue here is presented by the wording of CGS Section 52-178a which reads as follows:
 "Physical Examination of Plaintiff, when. In any action to recover damages for personal injuries, the Court or judge may order the plaintiff to submit to a physical examination by one or more physicians or surgeons. No party may be compelled to undergo a physical examination by any physician to whom he objects in writing submitted to the Court or judge." Emphasis added. CT Page 10970
CPB Section 13-11 states in pertinent part as follows:
 "a) In any civil action. . . ., the judicial authority may order the party to submit to a physical or mental examination by a physician."
 "b) In the case of an action to recover damages for personal injuries, any party adverse to the plaintiff may file and serve . . . . a request that the plaintiff submit to a physical or mental examination at the expense of the requesting party. . . . Any such request shall be complied with by the plaintiff unless. . . . the plaintiff files in writing an objection thereto specifying to which portions of said request objection is made and the reasons for said objection. . . . the judicial authority may make such order as is just in connection with the request. No plaintiff shall be compelled to undergo a physical examination by any physician to whom he or she objects in writing." Emphasis added
The Court finds that the plaintiff has not complied with the aforementioned practice book section in that the reasons for the objections by the plaintiff have never been made in writing. At oral argument the plaintiff's attorney indicated that the reason for the objections is that the physicians proposed by the defendant were widely known to favor the position of defendants, and were, therefore, not unbiased.
The Court can see the conflict between the Court being allowed to make an order requiring an examination to be held for a particular doctor as requested by the defendant and the last sentence of CPB Section 13-11 (b) that states:
 "No plaintiff shall be compelled to undergo a physical examination by any physician to whom he or she objects in writing."
The same language as the aforesaid last sentence appears in CGS Section52-178a.
The Court, however, agrees with the well reasoned and comprehensive decision of Judge Blue in Privee v. Burns, supra. Judge Blue has concluded, as does this Court, that based upon the language aforementioned, the plaintiff has an unconditional statutory right to CT Page 10971 object to any physician. He is entitled to object for any reason, including bias or personal dislike. The practice book merely requires that "the reasons for said objection" be stated in writing. Based upon the failure of the plaintiff to state his reasons in writing, there is non-compliance with the practice book. There is no requirement that the reasons for the objection be in writing in CGS Section 52-178a. Lacking this requirement, the statute does give the plaintiff an unconditional right to object. Therefore, the objection is sustained, and the Motion to Compel is denied.
However, to allow the plaintiff unlimited objection to the defendant's choice of physicians for an independent medical examination is fundamentally unfair unless there is a counter restriction upon the plaintiff. Due process requires that both parties designate a physician to examine the plaintiff. The defendant cannot be obligated to choose a physician designated by the plaintiff. That decision should be up to the defendant. Also, the defendant has no right to select for the plaintiff the physician for examination of the plaintiff for the plaintiff's case-in-chief. The reason given by the plaintiff for his objection is so unreasonable is to make this an extreme situation warranting the following order: If the plaintiff does not submit to a physical examination by one of the physicians described in the Motion to Compel, then in the interest of due process and justice the following sanctions will apply:
1. Defendant will be entitled, at trial, to cross-examine the plaintiff on his aforementioned objections;
2. The defendant shall be permitted to argue to the jury that it should draw an adverse inference from the plaintiff's objections.
3. The plaintiff will be precluded from offering at trial or through deposition the testimony or reports of any physicians who have examined the plaintiff, treating physicians and/or expert witnesses (physicians) as to their evaluation and description of the plaintiff's injuries including any opinion as to the permanency of any of such injuries.
Rittenband, JTR