[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON OBJECTION TO REQUEST FOR INDEPENDENT MEDICAL EXAMINATION
The plaintiff has objected to the request of the defendant for a medical examination of the plaintiff. The plaintiff has disclosed a list of expert witnesses which includes several medical providers. The defendant, on January 21, 2002, requested the plaintiff to be examined by Dr. Bomar. The plaintiff objected on January 29, 2002. The stated ground was that the putative examining physician did a number of examinations on behalf of defendants and would be biased. The defendant had previously requested that an independent medical examination be performed by Dr. Spinella. The plaintiff filed an objection virtually identical to that filed in response to the instant request for an independent medical examination, and the objection was sustained without explication by Judge Fineberg.
The issue of objections to medical examinations has been considered on numerous occasions by different Superior Courts, and there is no consensus and no binding appellate authority. Several considerations, however, seem to be more or less unanimously accepted.
First, it is clear that in personal injury cases such as this, a defendant has a right to request the plaintiff to submit to a physical or mental examination. See § 13-11 of the Practice Book; § 52-178a
of the General Statutes. Such an examination may be allowed not only pursuant to statute and rule, but also may be compelled by fundamental CT Page 4456 principles of fair advocacy. See the discussion of Judge, now Justice, McDonald in Miller v. City of Waterbury, 9 CSCR 491 (1994).
Second, it is equally clear that neither a party nor the court has the power to compel a person to undergo any physical or mental examination, at least in the context of personal injury litigation, if the plaintiff objects in writing. Such compulsion is prohibited by the clear language of § 52-178a of the General Statutes and § 13-11 of the Practice Book.
The problem arises, of course, when the plaintiff objects in writing. In LeBlanc v. Cambo, 26 Conn. Sup. 338 (1966), Judge Mignone held that the court has the inherent discretion to decide whether the objection is reasonable and that the burden rests on the plaintiff to show why he or she should not be examined by the particular doctor. In LeBlanc, apparently no reason at all was advanced, so the court denied the objection. In Mulligan v. Goodrich, 28 Conn. Sup. 11 (1968), Judge (later Justice) Parskey came to a somewhat different result. He noted that the plaintiff apparently had no objection to a wide range of physicians who customarily performed examinations on behalf of defendants, and he denied the defendant's motion for the examination. It perhaps should be noted that he did not believe that he had discretion pursuant to § 52-178a.
Section 13-11 (b) of the Practice Book expands somewhat on the language of § 52-178a of the General Statutes. If a plaintiff objects of a request for an examination, the court "may make such order as is just in connection with the request." If every objection were to be routinely granted with no adverse consequences, then there would be no purpose to the language of the Practice Book. Indeed, most courts which have considered the issue have stated that the court is to consider the nature of the objection in the context of the case to determine whether the objection is reasonable and to determine what consequence, if any, should arise from a failure to attend the examination if the objection is not reasonable. See, e.g., Rosenfield v. Milner's Café, 1993 Conn. Super 3148 (1993) (Corradino, J.); Moore v. Mintern, 1998 Conn. Super 2860 (1998) (Silbert, J.), and cases previously cited.
I do not believe that the objection in issue is reasonable, in the context of the case. The ground stated, that the physician performs a number of such examinations on behalf of defendants and is biased, is not sufficient ground for objection. There is no claim that the physician is in any way incompetent or unethical, or that there is any adverse history between the physician and the patient. There is nothing personal to the patient that causes alarm or concern. On the contrary, the sole reason, it would appear, is grounded in litigation strategy. Even if it is true that the physician performs many such examinations, this is not a CT Page 4457 disqualifying factor. See, e.g., Moore v. Mintern, supra. It may well be that there are not a great number of specialists who agree to perform such examinations, partly because they may not enjoy testifying in court. Perhaps equally to the point, there is nothing inherently wrong with the defense paying a relatively conservative physician to perform the examination. Such factor is fair game for cross-examination, and our adversarial system can resolve opposing points of view. A plaintiff, after all, is free to consult with any physician of any philosophical bent. Without more, then, I do not find that an objection based on the asserted fact that the doctor performs many medical examinations on behalf of defendants is reasonable, at least in the circumstances of this case where an identical objection has previously been made and sustained as to another physician. The objection may make sense from a litigation point of view, but it is not a personal reason why a patient[1] should not go to a particular physician
It has been suggested by different courts that different consequences should follow an objection not made on a reasonable ground and the plaintiff refuses to be examined. One court has suggested that the recourse is cross-examination, with preclusion of the plaintiff's expert testimony if repetitive objections become flagrant. Privee v. Burns,46 Conn. Sup. 301 (1999) (Blue, J.). Other courts have suggested that a remedy — not necessarily following an unreasonable objection — is to allow the plaintiff to provide a list from which the defendant chooses a physician to perform an examination. See Moore v.Mintern, supra. I disagree with that remedy, because the result is that the plaintiff indirectly chooses his opponent's "team".
I agree with the reasoning and results of Wallace v. Commerce Prop.,Inc., 1999 Ct. Sup. 14943 (1999) (Alander, J.), and Morton v. Kaminski,28 CLR 61 (2000) (Rittenband, J.). In those cases, the stated objections were very similar to the objection stated in this case. In both, the objection was found to be ill-founded. In Morton, if the plaintiff chose not to attend, he or she was subject to cross-examination as to that issue, to an inference that the examination would have yielded adverse results, and to a preclusion of expert testimony on his or her own behalf
I believe that a similar result is appropriate here. The plaintiff's objection to the requested examination is overruled, with the understanding that he is not compelled by the court to submit to the examination. If he does not all end, the defendant is entitled to cross-examine the plaintiff on the issue, to request an adverse inference, and to an order precluding the plaintiff from offering opinion evidence in the same areas that would have been the subject of the examination. CT Page 4458
 ___________________, J. Beach